[No. 16475.   Department One.   December 5, 1921.]

JAMES H. DOWNEY, *Appellant*, v. R. E. WILBER *et al.*,
*Respondents*.[1]

HOMESTEAD (12)—PROPERTY CONSTITUTING—TITLE TO PROPERTY—
LEASEHOLD INTEREST. A portable bungalow on leased land, in which
one resides, may be claimed as a homestead under the statute de-
fining a homestead as the "dwelling house in which the claimant
resides and the land upon which the same is situated."

EXEMPTIONS   (10-18) — PROPERTY EXEMPT — NECESSARIES.   Rem.
Code, § 564, providing that no property shall be exempt from execu-
tion for actual necessaries, not exceeding fifty dollars in value, fur-
nished to the defendant or his family within sixty days preceding
the beginning of an action to recover therefor, even if conceded as
applicable to a homestead exemption, would not apply where the evi-
dence shows the necessaries were not furnished within the sixty-
day period.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered February 26, 1921,
in favor of homestead claimants, restraining a sale
of property on execution, tried to the court.   Affirmed.

*Fayette J. Partridge,* for appellant.
*Kelly & MacMahon,* for respondents.

FULLERTON, J.—On January 19, 1921, the appellant,
Downey, recovered a judgment in a justice's court of
Pierce county against the respondents Wilber for the
sum of sixty-four dollars and eighty-two cents.   On
the ninth day of the succeeding month, he caused a
transcript thereof to be filed with the clerk of the su-
perior court, and four days later caused an execution to
issue thereon.   The sheriff of the county, who held the
writ in execution, levied upon property which he de-
scribed as "One portable bungalow named Buena
Vista," and advertised the same for sale.   The re-

[1]Reported in 202 Pac. 256.

spondents thereupon filed a homestead claim upon the property, together with the land upon which the same is situate, and instituted this proceeding in the super-ior court of Pierce county to restrain the sale. At the trial the court found the property to be the homestead of the respondents and exempt from execution, and en-tered a decree in accordance therewith.

The evidence adduced at the trial, while somewhat meager, shows with sufficient clearness that the build-ing levied upon is a dwelling house in which the re-spondents reside, that the house is their individual property, and that it is erected on and attached to land which they hold under lease. Based upon the fact that the dwelling house is upon leased land, the appellant contends that there can be no homestead right therein. We cannot agree with this contention. The statute, it is true, defines a homestead as the "dwelling house in which the claimant resides and the land upon which the same is situated," and in defining the property from which a homestead may be selected uses the terms "his property" and "her property" in referring to the property of claimant, yet it does not necessarily follow that the interest of the claimant in the property must be title in fee. Such a construc-tion, we think, would be contrary to the purpose and spirit of the statute. Its purpose is not to give or confirm title in the claimant, but is to prevent a forced sale of the home; in other words, to secure the claimant and his family in the possession of his home. Seem-ingly, therefore, if a claimant has a sufficient interest in real property to entitle him to maintain a home thereon, he has such an interest as will entitle him to protection under the homestead statute.

While the authorities on the question are not en-tirely uniform, the great weight of the cases, we think, support the view indicated. These it is not necessary

to review. They will be found collected in part in Ruling Case Law, under the title "Homestead", paragraphs 30, 32 and 33. For cases specifically holding that a leasehold interest will support a claim of homestead, see *Hogan v. Manners,* 23 Kan. 551, 33 Am. Rep. 199; *Deere v. Chapman,* 25 Ill. 610, 79 Am. Dec. 350; *Conklin v. Foster,* 57 Ill. 104; *Johnson v. Richardson,* 33 Miss. 462; *Wike v. Garner,* 179 Ill. 257, 53 N. E. 613, 70 Am. St. 102.

The articles furnished the appellant for which the recovery was had in the justice's court were groceries, alleged in the complaint to be "necessaries." Section 564 of the Code (Rem.) (P. C. § 7852), provides:

"No property shall be exempt from execution for clerk's, laborer's or mechanic's wages earned within this state, nor for actual necessaries, not exceeding fifty dollars in value or amount furnished to the defendant or his family within sixty days preceding the beginning of an action to recover therefor, nor shall any property be exempt from execution issued upon a judgment against an attorney or agent on account of any liability incurred by such attorney or agent to his client or principal on account of any moneys or other property coming into his hands from or belonging to his client or principal: Provided, that nothing herein shall be construed as repealing or in any wise affecting section 703, *infra.*"

Based on the fact alleged, and the provision of the statute quoted, the appellant contends that the property levied upon is not exempt from sale, regardless of the question whether the property is the respondent's homestead or not. The exception contained in the statute is, it will be noticed, "for actual necessaries, not exceeding fifty dollars in value or amount furnished to the defendant or his family within sixty days preceding the beginning of an action to recover therefor." There is no allegation in the complaint, nor

does the judgment thereon recite, that the groceries were furnished within the sixty-day period, and the evidence introduced at the present trial shows that they were not. Conceding, therefore, that the exception contained in the statute is applicable to a homestead exemption, we cannot conclude that the appellant's claim is within its provisions.

The judgment is affirmed.

PARKER, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.