[No. 20255. Department Two. February 1, 1927.]

TOM DESMOND as *Sheriff* et al., *Appellants,* v. ROY SHOTWELL et al., *Respondents.*[1]

[1] HOMESTEAD (12)—PROPERTY CONSTITUTING—TITLE—PURCHASER UNDER EXECUTORY CONTRACT. A purchaser in possession of real property under an executory contract of sale may claim a homestead therein, under Rem. Comp. Stat., § 528, providing that a homestead consists of the dwelling house in which the claimant resides and the land on which the same is situated, selected as provided by law, and Rem. Comp. Stat., § 559, requiring a statement that the person making the declaration of homestead is residing on the premises or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 2, 1926, in favor of homestead claimants, restraining a sale of property on execution, tried to the court. Affirmed.

¹Reported in 252 Pac. 692.

*Frank W. Cameron,* for appellants.

*Harmon & Keyes,* and *J. H. Blakiston,* for respondents.

Askren, J.—A single question is presented for our determination. It is this: May a purchaser in possession of real property under an executory contract for the sale thereof claim a valid homestead therein?

Appellant contends, and his whole brief is devoted to the proposition, that one in possession must, in order to claim a homestead, be an owner of some interest in the real estate, and that, since we held in *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, that a vendee under a conditional sale contract which reserved title in the vendor until all payments provided for therein were fully paid has no interest either legal or equitable in the property, the respondent here cannot claim the provisions of the statute.

The fundamental error in this line of reasoning is that nowhere in the statutes providing for homesteads is there any requirement that the person asserting the right must own either a legal or an equitable interest in the property claimed.

Section 528, Rem. Comp. Stat. [P. C. § 7860] provides:

"The homestead consists of the dwelling-house, in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided."

Section 559, Rem. Comp. Stat. [P. C. § 7890] provides in part:

"The declaration of homestead must contain,—

"2. A statement that the person making it is residing on the premises or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead."

It is apparent from reading the above quoted sections that what is secured to the claimant is a dwelling or home for the family, and of course this is the underlying purpose of the statute.

As to what right the occupant must have to assert this right, we said in *Downey v. Miller*, 117 Wash. 660, 202 Pac. 256, where one sought to claim a homestead on a portable bungalow placed on leased land:

"Seemingly, therefore, if a claimant has a sufficient interest in real property to entitle him to maintain a home thereon he has such an interest as will entitle him to protection under the homestead statute."

An investigation of the authorities discloses nothing to militate against the rule.   29 C. J. 844.

The facts in the case involve no question between the vendor and vendee, come under no exception in the statute relating to homesteads, and present but the usual case of the ordinary judgment creditor seeking payment of his judgment by execution on property of the debtor.

The trial court correctly decided that the respondent was entitled to claim a homestead, and its judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.