[No. 24361.  *En Banc.*  August 17, 1933.]

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,
*Appellant*, v. CHARLES H. WAGNER *et al.*,
*Respondents.*[1]

[1]Reported in 24 P. (2d) 420; 27 P. (2d) 1118.

*L. H. Brown, Tustin & Chandler*, and *Hamblen, Gilbert & Brooke*, for appellant.

*F. A. McMaster*, for respondents.

HOLCOMB, J.—Some years ago, respondents Charles H. Wagner and his wife, being the owners and in possession of a 460-acre farm in Lincoln county, executed a mortgage thereon to appellant in the principal sum of $8,500. Sometime thereafter, while the first mortgage was in good standing, they executed a second mortgage on the same property to respondent Arthur Wagner, a brother of Charles H. Wagner, which second mortgage, at the time of the trial below, was wholly unpaid and amounted to $5,800.

In December, 1931, respondents Charles H. Wagner and wife, whom we shall hereinafter for brevity mention as respondents, being in default on appellant's first mortgage, an action was brought to foreclose it in the superior court of Lincoln county; which foreclosure proceeded in due course to judgment and sheriff's sale, which latter occurred on April 16, 1932. The property was bought in by appellant for $8,819.55. The sale was thereafter duly confirmed. Appellant is still the owner of the certificate of sale, and the property has not been redeemed therefrom.

During the year of redemption from such foreclosure and in the season of 1932, a certain crop of grain and hay was raised on the premises by respondents. On May 23, 1932, during the year of redemption, appellant paid $485.28 in satisfaction of the taxes on the land foreclosed for the years from 1928 to 1931. Thereafter, it filed its claim of lien for such taxes, with interest, and for interest on the purchase price under

the provisions of Rem. Rev. Stat., § 602, all amounting to $1,050.56.

Respondents refused to recognize this lien, and, having threatened to dispose of the crops in question, appellant sought, by receivership and injunctive proceedings in this cause, to enforce its lien for interest and taxes against the crops raised during the year of redemption. On the filing of the petition of appellant, the lower court appointed a temporary receiver.

In answer to appellant's petition, respondents claimed the right to hold the entire crop during the year of redemption for the whole of the 460 acres, by reason of having previously declared a homestead on the land in question. By reply, appellant attacked the validity of the declaration of homestead.

The declaration of homestead, after reciting the residence of respondents upon the land, the constitution of the family of respondents Charles H. Wagner and his wife, the description of the 460 acres of land in Lincoln county, and declaring that it was the intention of the declarant to use and claim the real estate and premises therein described, together with the dwelling situated thereon, as a homestead, also declared that the actual cash value of the above described real estate, "in excess of incumbrances upon the same, does not exceed the sum of one thousand ($1,000) dollars."

The trial court found, among other things, that the farm of 460 acres in question was of the reasonable value of $1,000, over and above the incumbrances thereon of record at the time of filing the declaration of homestead; that the incumbrances of record at the time were appellant's mortgage of $8,500 and a second mortgage given to Arthur Wagner of $5,800, both of which mortgages were wholly unsatisfied. It will thus be seen that the value of the farm, as found by the court, was $15,300 in all.

Of the 460 acres, 200 acres are farm land under plow, and the balance is pasture. The crop for 1932 was sold by the receiver for $122.50, above expenses of harvesting and storage.

As stated by appellant, the sole question for determination upon this appeal is whether respondents are in possession of the land under and by virtue of a valid declaration of homestead made in the manner provided by law, and therefore not required to account for rents, as adjudged by the lower court.

■■ The first attack made by appellant upon the declaration of homestead is that it is void for the reason that it does not estimate the actual cash value of the premises.

An estimate was made, the incumbrances were of record and known, and the court found that the actual cash value of the premises was $1,000 in excess of the combined incumbrances upon the land. The purpose of setting forth the value of the premises is to give notice to the world whether or not the value was within the statutory limit, and, if not, the excess above such limit. *Graves v. Baker,* 68 Cal. 134, 8 Pac. 693. Moreover, the estimate of value made by a homestead declarant is not conclusive either upon the declarant, the court, or any interested party. *Nelsen v. McKeen,* 165 Wash. 274, 5 P. (2d) 333.

The statute (Rem. Rev. Stat., § 552) prescribes that homesteads may be selected and claimed in lands and tenements, with the improvements thereon, not exceeding in value the sum of two thousand dollars, must be occupied, and intended to be occupied, by the declarant, as a home, and not devoted exclusively to any other purpose. Id., §§ 537 and 538, prescribe that, upon the hearing of such matters as this, if the proof shows the value of the homestead exceeds the amount of the legal homestead exemption, the judge may appoint three

appraisers to appraise the value of the homestead. Another section (Id., § 543) provides for the appraisement to determine if the appraised value exceeds the homestead exemption, and if so, whether the land claimed can be divided without material injury. See *Nelsen v. McKeen, supra.* No such steps were taken in this case, and it must now be held as conclusively established that the reasonable cash value of the land declared upon as a homestead was, and is, $1,000 in excess of the incumbrances. We conclude, therefore, that the declaration of homestead substantially complied with the statute in that respect.

■ The important question to be determined is whether the extent of a homestead in this state is to be determined upon the fee simple value of the land or from the value of the homestead claimant's interest therein, above the mortgages and other valid liens. It is a new question in this court. However, we have allowed a homestead in a portable bungalow on leased land on which the declarant resided. *Downey v. Wilber,* 117 Wash. 660, 202 Pac. 256. We have also allowed a homestead by a declarant who was a purchaser in possession of real property, under an executory contract for the purchase thereof, and held that

". . . nowhere in the statutes providing for homesteads is there any requirement that the person asserting the right must own either a legal or an equitable interest in the property claimed." *Desmond v. Shotwell,* 142 Wash. 187, 252 Pac. 692.

It is but logical, in view of those decisions under our statute and going no further than they go, to hold that the value of a homestead in this state under our statute is not to be determined from the fee simple value of the land, but from the value of the homestead claimant's interest therein. As in the *Downey* case,

*supra,* approved in the *Desmond* case, *supra,* it was held that,

". . . if a claimant has a sufficient interest in real property to entitle him to maintain a home thereon he has such an interest as will entitle him to protection under the homestead statute."

The deduction of incumbrances upon lands claimed as a homestead is simply allowing a homestead upon the net value of, in common parlance, the "equity" therein. This is what was permitted in the two cited cases.

In 29 C. J. 828, the rule is thus stated:

"While there is some authority to the contrary it is generally held that, in ascertaining the value of premises claimed as a homestead valid and subsisting, legal encumbrances are to be deducted, unless the encumbrance is subject to or inferior to the homestead right, in which case it should not be deducted."

It is true that, in some jurisdictions, the homestead exemption is considered as in derogation of common law, and therefore to be strictly construed. That is not true in this state, where the consensus of all our decisions has always been for liberality of construction of the rights of a homestead declarant, provided always that the statute authorizing such declaration is substantially followed. It was so held in effect in the *Desmond* and the *Nelsen* cases, *supra.* See, also, 29 C. J., p. 813.

Although not exactly in point under our particular statute, in the case of *Hoy v. Anderson,* 39 Neb. 386, 58 N. W. 125, 42 Am. St. 591, under a somewhat similar statute, where a homestead was limited to one hundred sixty acres of land of the value of not to exceed two thousand dollars, the court held that the extent of a homestead is not to be determined from the fee simple

value of the land, but from the value of the homestead claimant's interest therein. To the same effect are *Crosby v. Anderson,* 49 Utah 167, 162 Pac. 75, and *Watson v. Hurlburt,* 87 Ore. 297, 170 Pac. 541.

On the other hand, Rem. Rev. Stat., § 528, provides that the homestead consists of a dwelling house in which the claimant resides and the land on which it is situated. Although there is no limitation in quantity in our homestead statute or in § 602, *supra,* under § 602, *supra,* the purchaser at the foreclosure sale would be entitled to a lien on the crops. Four hundred sixty acres of farm land does not appear to be necessary for use and occupancy by the homestead claimant as a dwelling. A majority of the court consider that the statute should be reasonably construed, even though there is no limitation as to the quantity of land claimed as a homestead; that it should be so construed as to give the declarant only the dwelling and so much of the land surrounding it as is reasonably necessary for the use of the dwelling as a home.

Our recent decision in *Pease v. Stephens,* 173 Wash. 12, 21 P. (2d) 294, is not a decision to the contrary, since it was expressly stated therein that "the quantity or value of the farm property at the time of the declaration of the homestead are not questioned here."

In the trial below, the court took no testimony as to the lands surrounding the dwelling house reasonably necessary for its use as a dwelling by respondents.

The judgment is therefore reversed, with instructions to proceed in conformity herewith by taking testimony and entering judgment accordingly.

BEALS, C. J., TOLMAN, MITCHELL, MILLARD, STEINERT, and MAIN, JJ., concur.

BLAKE, J., concurs in the result.

On Rehearing.

[*En Banc.* December 13, 1933.]

Per Curiam.—Upon a rehearing *En Banc,* a majority of the court adheres to the *En Banc* opinion heretofore filed herein.

Holcomb, J. (dissenting)—Upon rehearing in this matter, I became convinced that paragraph numbered four in the published report was demonstrably wrong; and to me it is more important to be right than to be consistent. That part of the decision is not in harmony with the liberal spirit of our homestead exemption law, nor with several prior decisions, and is pure judicial legislation.

For these reasons, I must dissent from that paragraph of the decision as published.

Tolman and Geraghty, JJ., concur with Holcomb, J.