184

[Civ. No. 1143. Fourth Appellate District.—July 25, 1934.]

ARTHUR WHITE et al., Appellants, v. HARRY ROSEN-THAL, Respondent.

Clarence F. Terry for Appellants.

Charles B. DeLong for Respondent.

MUNDO, J., *pro tem.*—Appellants were the owners of a piece of property in San Diego upon which, in November, 1928, a declaration of homestead was filed. In March, 1929, a mortgage on this property was foreclosed by the owner, Florence A. Faurot, and on March 25, 1930, a commissioner's deed was issued to her. During the latter part of the period of redemption from said foreclosure, negotiations to refinance were entered into between appellants and Florence A. Faurot which resulted in a deed from her to appellants. This deed was dated April 1, 1930. On April 2, 1930, appellants executed a trust deed to Florence A. Faurot. Respondent had in February, 1929, recovered a judgment for $439.84 against appellants. On June 24, 1931, respondent caused an execution to be issued on the judgment and the property was levied on. A second declaration of homestead was filed and recorded by appellants on June 25, 1931. On July 20, 1931, the property was sold on execution sale to respondent.

The present action was commenced by appellants on July 14, 1932, to quiet title. The sheriff's deed was issued to respondent on July 21, 1932. The case was tried on a stipulated statement of facts and the court found that appellants had no right, title or interest in and to the property; that the respondent Rosenthal is, and ever since the twenty-first day of July, 1932, has been the owner of and entitled to the possession of the property.

The principal question involved is, whether the homestead recorded on November 1, 1928, remains in full force and effect up to and including the present time, or whether the foreclosure of the mortgage annulled the first homestead, in view of the fact that the appellants have continuously resided on and been continuously in possession of said premises since the acquisition thereof in April, 1919, and also in

view of the fact that their right to possession has never been questioned by anyone so far as this action is concerned until the levy of the execution on June 24, 1931.

Appellants contend that a homestead once declared and established remains in full force and effect until abandoned in the manner provided by section 1243 of the Civil Code. That section provides: "A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged: . . . "

In the case of *Faivre* v. *Daley*, 93 Cal. 664 [29 Pac. 256], the word "grant", as used in Civil Code, section 1243, was defined as being applicable to all transfers of real estate, and that when a party owning property upon which a homestead is filed executes a quitclaim deed it operates as an abandonment of the homestead right and conveys to the grantee all of the party's interest in the property. The same principle would be true of a grant deed, and it now remains for us to determine what happens to the homestead upon a foreclosure sale.

A transfer is an act of the parties, or of the law, by which the title to property is conveyed from one living person to another. (Civ. Code, sec. 1039.) The word "grant" as used in Civil Code, section 1243, is applicable to all transfers of real estate and this would include transfers by operation of law as well as the voluntary transfers of the owners of property. The sale under the decree of foreclosure of a mortgage is a judicial sale and is regarded in law as a sale by the judgment debtor. (*Thresher* v. *Atchison*, 117 Cal. 73 [48 Pac. 1020, 59 Am. St. Rep. 159]; 18 Cal. Jur. 547.) It is not a forced sale within the meaning of the Constitution, article XVII, section 1, and statutes passed in pursuance of the constitutional requirement protecting homesteads from forced sales. The phrase "forced sale" does not apply where the owner consents directly to the sale, or does so indirectly by consenting to, or doing those acts or things that necessarily or usually eventuate in a sale, as, for instance, a sale under a power contained in a mortgage or a decree of foreclosure. When the owner of property consents to a sale under the execution or other legal process, the sale is not forced, but it is as voluntary, within the full import of the term, as it is when he directly

effects the sale and executes the conveyance. (*Peterson* v. *Hornblower,* 33 Cal. 266.)

At such a sale the purchaser acquires all the right, title and interest of the mortgagor, and the officer's deed is in effect the deed of the mortgagor. (*Freelon* v. *Adrian,* 161 Cal. 13 [118 Pac. 220].) Where there is a homestead upon the mortgaged premises it is necessary, in order to foreclose the homestead, to make both husband and wife parties to the mortgage foreclosure proceedings. In the instant case the mortgage was executed by both appellants and they were both made parties to the foreclosure proceedings.

When the mortgagor disposes of the mortgaged premises either by his own deed or by operation of law he loses all control over them. His personal liability thereby becomes separated from the ownership of the land, and he can by no subsequent act create or revive charges upon the premises. He is, as to the premises, thenceforth a mere stranger. With respect to the property placed beyond his control he has no personal privilege. He cannot at his pleasure affect the interests of other parties. (*Lord* v. *Morris,* 18 Cal. 482.)

When the premises herein concerned were sold at foreclosure sale the owners thereof lost all control over them and the homestead thereon was as completely and effectually abandoned as though appellants had disposed of their property by grant deed. The fact that appellants and the mortgagee were, during the latter part of the period of redemption, engaged in negotiations to refinance the property and contemplating a reconveyance of it to appellants, does not change the rule. No rights existing or contemplated in the transferor in and to the property survive the transfer of the property.

During the six days after the expiration of the period of redemption the appellants resided upon the premises as tenants and when the property was reconveyed to them by the mortgagee they became the owners of new rights respecting the property. The homestead was not one of them. Appellants had no power to revive or prolong the homestead upon the premises. In order to protect their homestead rights it was necessary when they again became the owners of the property to file a new declaration of homestead. (*Johnston* v. *Bush,* 49 Cal. 198; *Corey* v. *Matot,* 47 Cal. App.

184 [190 Pac. 378].) Apparently this requirement was recognized by appellants for they did file a new declaration on June 25, 1931. Being filed, as it was, after the sheriff had levied on the property, the second declaration of homestead could not operate to exempt the property from execution sale.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.