[No. 43069. En Banc. July 3, 1974.]

SECURITY SAVINGS AND LOAN ASSOCIATION, *Respondent*, v. JACK H. BUSCH *et al.*, *Defendants*, ALICE L. FRISONE, *Appellant.*

*David A. Leen,* for appellant.

*Kenneth Beckley* (of *Adair, Kasperson, Petersen & Hennessey*), for respondent.

STAFFORD, J.—Alice Frisone appeals from a superior court order granting a writ of assistance to respondent Security Savings and Loan Association.

The facts found by the trial court are as follows: On March 9, 1965, Leo Frisone, husband of appellant, executed

a homestead declaration for the residence at 439 McGilvra Blvd. East, Seattle. On July 6, 1965, Leo and Alice Frisone executed a quitclaim deed conveying their interest in the property to Mr. and Mrs. Busch. On July 8, the Busches executed a promissory note and mortgage on the property in favor of respondent Security Savings and Loan Association. On July 9, the Frisones entered into a real estate contract to purchase, from the Busches, the same property the Frisones had originally quitclaimed to them on July 6. The contract did not indicate, however, that the Frisones were to assume the Busches' mortgage nor did it provide that the contract was subject to the mortgage.

In the spring of 1971, most likely during the month of March, Mr. Frisone discontinued residing in the house and moved to the San Diego area to pursue his business. Mrs. Frisone and the two children continued to reside at the McGilvra Blvd. address, however.

A few days prior to May 8, 1971, Mr. Frisone's Seattle lawyer prepared a second declaration of homestead for Mr. Frisone's signature. It was forwarded to his address in San Diego, California. On May 8, 1971, in conjunction with a petition for bankruptcy, Mr. Frisone executed the homestead declaration in San Bernardino County, California.

The Busches subsequently defaulted on their mortgage and on November 1, 1972, a decree of foreclosure was entered. The decree, *which was approved by appellant's attorney,* provided that a purchaser of the property at a sheriff's sale would be entitled to immediate possession of the property, subject to a right of possession, if any, in favor of appellant which might subsequently be judicially determined to emanate from the homestead declaration executed by Mr. Frisone on May 8, 1971.[1] It is important to note that the trial court, *with approval of appellant's lawyer,* temporarily reserved the potential "right of possession" issue between appellant and respondent, and did so in the *same*

---

[1] Recorded under King County Auditor's Number 7105100515.

*cause* out of which the decree of foreclosure emanated.[2] It was clear then, as it is now, that the question of "right to possession" would most likely arise, if ever, when the purchaser sought to exercise its own right to immediate possession. Temporary reservation of the potential problem would permit a resolution of the "possession" issue in the *same* action, and prevent a multiplicity of suits, should it arise. Yet, it would avoid unnecessary litigation if the issue was not raised.

Respondent purchased the property at the sheriff's sale January 5, 1973, and the question of appellant's right to possession, previously reserved, became an issue when respondent sought a writ of assistance. The court, after hearing testimony, made findings of fact and concluded that appellant had no right to possession under the homestead declarations executed by her husband. An order was issued granting a writ of assistance to respondent, all in the *same* action.

■ Appellant contends the trial court lacked jurisdiction to issue the writ of assistance. She argues that "right to possession" *must* be determined in a *separate* action prior to issuance of the writ. We do not agree. When, by approval of counsel, the issue of possession has been specifically reserved for determination in an action, it would be illogical to require the parties to maintain multiple suits to resolve issues capable of determination in one action.

Clearly, the superior court had jurisdiction, after a foreclosure and sale, to issue a writ of assistance to put the purchaser in possession of the property. *Debenture Corp. v. Warren*, 9 Wash. 312, 37 P. 451 (1894); *Hagerman v. Heltzel*, 21 Wash. 444, 58 P. 580 (1899). Although the validity of the Frisone homestead exemption *could have* been decided in an independent action brought for that purpose, an independent action was *not required. See Costanzo v. Harris*, 71 Wn.2d 254, 427 P.2d 963 (1967). We hold, therefore, that the superior court had jurisdiction to consider

---

[2]King County Cause 752885.

respondent's request for a writ of assistance, and in so doing to determine whether respondent had a clear right to possession. *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 682-85, 24 P.2d 117 (1933); *State ex rel. White v. Douglas,* 6 Wn.2d 356, 107 P.2d 593 (1940).

 Next, appellant asserts the trial court erred by finding that the homestead declaration executed March 9, 1965, had been extinguished by the quitclaim deed given the Busches on July 6, 1965. She argues that it is unnecessary for one claiming a homestead to have legal title to the residence, citing *Downey v. Wilber,* 117 Wash. 660, 202 P. 256 (1921), and *Desmond v. Shotwell,* 142 Wash. 187, 252 P. 692 (1927). While the language in *Downey* and *Desmond* is broad, it does not support appellant's contention. First, in each case the homestead declarant actually possessed a legal interest in the questioned property which the court held to be sufficient. Thus, the suggestion at page 188 of *Desmond* that it is unnecessary for one asserting the right to "own either a legal or an equitable interest in the property claimed" is pure dicta. Second, *Downey* and *Desmond* are not in point. In both cases the declarants possessed a prior legal interest in the property upon which they later sought to impose a declaration of homestead. The question was whether a homestead declaration could be claimed upon the type of legal interest there involved. In the instant case the question is whether, having declared a valid homestead on property in which one has a legal interest, one can extinguish it by conveying away all of his right, title and interest in and to the property. The latter issue has not been decided by this court before.

While the original declaration of homestead apparently was valid when executed, it cannot be said to have survived the later execution and delivery of the quitclaim deed by the Frisones in July of the same year. This is so even though at a later date, they reacquired the same property from the Busches by real estate contract. It matters not whether the Frisones' interest in the property was extinguished for a day or for a period of years. It is of

consequence only that subsequent to making the declaration of homestead they voluntarily parted with *all interest* in the McGilvra Blvd. property by means of a quitclaim deed.

The reason for this conclusion is obvious. Ordinarily, there can be no homestead right unless there is an existing interest of some nature and none existed here. A quitclaim deed is deemed a good and sufficient conveyance of all *then existing* legal and equitable rights of the grantor in the described premises. RCW 64.04.050; *McCoy v. Lowrie,* 44 Wn.2d 483, 268 P.2d 1003 (1954). Since the Frisones conveyed all of their then existing legal and equitable rights in and to the McGilvra Blvd. property, there was nothing left to which their homestead could continue to attach. Thus, it was extinguished.[3]

Appellant's next claim to a right of possession, during the redemption period, stems from a homestead declaration filed by her husband on May 8, 1971. The statute under which the declaration was filed by Mr. Frisone provides in part:

6.12.060. Contents of declaration. The declaration of homestead *must* contain—

. . .

[3]This follows the general rule that a valid conveyance of the homestead property by the homesteader extinguishes his homestead rights. *See* 40 C.J.S. *Homesteads* §§ 172, 173 (1944); 40 Am. Jur. 2d § 185 (1968); *Kleinsorge v. Clark,* 232 Iowa 313, 4 N.W.2d 433 (1942). Further, once the exemption has been thus lost, it is not revived by a mere reacquisition of the property by the former owners. 40 C.J.S. *Homesteads* § 173 (1944).

The original homestead must be deemed extinguished for another reason. A conveyance of the property upon which a homestead previously has been declared is a "grant thereof." RCW 6.12.120 provides in part: "A homestead can be abandoned only by a declaration of abandonment, *or a grant thereof,* executed and acknowledged: (1) *By the husband and wife* if the claimant is married." (Italics ours.) California Civil Code § 1243 was, until 1949, identical to our statute, and California courts have held that the word "grant" as used in the statute applies to all transfers of real estate. *Faivre v. Daley,* 93 Cal. 664, 29 P. 256 (1892); *White v. Rosenthal,* 140 Cal. App. 184, 35 P.2d 154 (1934); *First Trust & Sav. Bank v. Warden,* 18 Cal. App. 2d 131, 63 P.2d 329 (1936); *Schuler-Knox Co. v. Smith,* 62 Cal. App. 2d 86, 144 P.2d 47 (1943). *See also* 40 C.J.S. *Homesteads* § 172 (1944).

(2) A statement that *the person making it is residing on the premises* . . .

(Italics ours.) Appellant assigns error to the trial court's finding of fact that Mr. Frisone was not "residing on the premises" when the May 8th declaration was executed. She also claims error in the resultant conclusion of law that the homestead was not selected in the manner provided by law thus denying to her the right of possession during the period of redemption. The assignments of error are not well taken.

We have reviewed the record and find ample evidence to support the trial court's finding that Mr. Frisone, the declarant, was not "residing on the premises" at the time he executed the homestead declaration. There is evidence that he went to California early in 1971. There was no correspondence between the Frisones after his departure, although he did occasionally telephone and talk with his children. A few days prior to May 8, 1971, Mr. Frisone's lawyer prepared the questioned declaration of homestead for Mr. Frisone's signature and forwarded it to him at his address in San Diego, California. It was executed in California, by Mr. Frisone, in connection with a petition for bankruptcy. There is evidence that Mr. Frisone visited in Seattle once in May and once in June of 1971, but, significantly, there was no indication that he stayed at the residence on McGilvra Blvd. on either occasion. Finally, Mrs. Frisone filed a complaint for divorce in August of 1972. One of the grounds stated that "Defendant abandoned the family home for a period in excess of one year." Service of summons was made on Mr. Frisone by publication. The affidavit of publication, executed by appellant herein, stated that Mr. Frisone was "not a resident of the State of Washington."[4]

The trial court also properly concluded that, insofar as the May 8, 1971, declaration of homestead is concerned, Mrs. Frisone was not entitled to possession during the pe-

---

[4] Mr. and Mrs. Frisone were divorced on December 19, 1972.

riod of redemption. RCW 6.24.210 designates those who are entitled to possession during the period of redemption. It provides that the purchaser, subject to certain exceptions, is entitled to possession from the date of sale and until resale or redemption. It then provides:

> That in case of any homestead *selected in the manner provided by law* and occupied for that purpose at the time of sale, the *judgment debtor* shall have the right to retain possession thereof during the period of redemption . . .

(Italics ours.) Thus, for appellant to reap the benefits of RCW 6.24.210 she must meet two requirements: (1) the declarant (Mr. Frisone) must have selected the homestead "in the manner provided by law," and (2) the claimant (appellant herein) must be a "judgment debtor" of Security Savings and Loan Association.

As indicated earlier, there is ample evidence to support the trial court's finding of fact that at the time Mr. Frisone executed the declaration of homestead on May 8, 1971, he was not "residing on the premises" as required by RCW 6.12.060. As a result, there was no compliance with RCW 6.24.210 which requires the declarant to have selected the homestead "in the manner provided by law." Thus, the challenged conclusion of law was correct. Inasmuch as appellant does not fall within the first of the two requirements of RCW 6.24.210 and since it is necessary that one comply with *both* to receive the benefits of RCW 6.24.210, it is unnecessary to decide, at this time, whether appellant did or did not meet the second (*i.e.,* whether she was a "judgment debtor").

█ Finally, appellant contends the bankruptcy court's recognition of the May 8th declaration of homestead was binding on the trial court, citing *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P.2d 117 (1933). We do not agree. *O'Brien* is distinguishable on its facts. In *O'Brien* the mortgage indebtedness was scheduled as a liability and the mortgaged property was listed as an asset of the bankrupt. The court held that an award of the property as a

homestead was res judicata, in the state court, *as to all creditors properly notified of the bankruptcy.* In the instant case, the Frisones did not assume the mortgage. Thus, it was not listed as a liability of the bankruptcy proceeding. Further, there is no evidence that respondent was properly notified of the bankruptcy proceedings. Therefore, the doctrine of res judicata may not properly be used against respondent. *State ex rel. O'Brien v. Superior Court, supra.*

Inasmuch as we affirm the conclusion of the trial court that there was not a "homestead selected in the manner provided by law" it is not necessary to consider appellant's other assignments of error. The order of the Superior Court issuing the writ of assistance is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.