[No. 49070–8.  En Banc.  April 5, 1984.]

HAROLD G. FELTON, ET AL, *Appellants,* v. CITIZENS FEDERAL SAVINGS AND LOAN ASSOCIATION OF SEATTLE, ET AL, *Respondents.*

*Stephen D. Cramer,* for appellants.

*Richard J. Thorpe* (of *Tewell, Thorpe & Findlay, Inc., P.S.*), for respondents Citizens Federal Savings and Loan Association.

*Michael R. Alfieri,* for respondents Desimone, et al.

*John A. Gose* and *Shannon J. Skinner* on behalf of Washington Mortgage Bankers, amici curiae for respondents.

DORE, J.—This is an appeal from a summary judgment dismissing appellants' action on the ground that a homestead is not exempt from a nonjudicial sale conducted pursuant to a power of sale in a deed of trust. We affirm.

In 1979, Harold and Larell Felton, appellants, purchased a residence in Renton from Bernard and Florence Barringer. As a part of this transaction the Feltons assumed a $48,000 purchase money obligation the Barringers owed respondent Citizens Federal Savings and Loan Association (Citizens). This debt was secured by a deed of trust, which the Feltons and Citizens agreed would also secure the Feltons' assumed obligations. The deed of trust allowed Citizens to "invoke the power of sale" pursuant to applicable law if the Feltons defaulted. It also allowed the trustee to postpone the sale of the property "for a period or periods not exceeding 30 days" by public announcement at the time and place fixed in the notice of sale.

On January 25, 1980, the Feltons filed a declaration of homestead on the property.

Notice of default was sent to the Feltons on February 20, 1981. On August 14, 1981, a notice of trustee's sale was recorded, scheduling the sale for November 20, 1981. At the Feltons' request, the trustee postponed the sale to December 18, 1981, then to January 8, 1982, and finally to March 12, 1982. The sale was conducted on March 12, despite Mr. Felton's last minute attempts to arrange a contract assignment to avoid the sale.

On April 1, 1982, the Feltons filed the present action

seeking to void the trustee's sale and to quiet their title to the property. The trial court granted Citizens' motion for summary judgment of dismissal. The Feltons appeal directly to this court for a determination of whether a homestead is exempt from a nonjudicial foreclosure sale conducted pursuant to a power of sale in a deed of trust.

I

Article 19, section 1 of the Washington State Constitution provides:

> The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families.

In response to this constitutional mandate, the Legislature passed, in 1895, what is now RCW 6.12, the homestead act. The act exempts from "execution or forced sale" the homestead, except as provided in the statute. RCW 6.12.090. (The homestead is defined in RCW 6.12.010–.050.) The exceptions to this general exemption of homestead property are found in RCW 6.12.100, which states, in pertinent part:

> The homestead is subject to execution or forced sale in satisfaction of judgments obtained:
> (1) On debts secured by . . . vendor's liens upon the premises;
> (2) On debts secured by . . . mortgages on the premises, executed and acknowledged by the husband and wife or by any unmarried claimant; . . .

The Feltons contend that their homestead is exempt from a nonjudicial trustee sale because such a sale is an "execution" or "forced sale" under RCW 6.12.090. This would mean that the only way Citizens could reach the Feltons' homestead would be through one of the exceptions to the general rule of exemption. RCW 6.12.100. The exceptions found in RCW 6.12.100, however, appear to allow only certain types of *judgment* creditors to reach the homestead. Citizens is not a judgment creditor.

The Feltons argue that this statutory scheme sets up a potential conflict between RCW 6.12 and those provisions of RCW 61.24 (trust deed act) which allow nonjudicial

trustee sales of residential property. This conflict, the Feltons argue, can only be resolved by requiring all deeds of trust involving homestead property to be foreclosed judicially.[1]

## II

Before we reach the issue of whether the Feltons' homestead is exempted from a nonjudicial trustee sale by the homestead act, we must determine whether or not the Feltons' declaration of homestead was valid. Citizens argues that the Feltons were unable to declare a homestead in this case because the deed of trust assumed by the Feltons was, in effect, a conveyance of the property. This would mean that appellants had nothing in which to claim a homestead.[2]

Citizens' argument is, basically, an assertion that one must have a legal, as opposed to equitable, interest in a declared homestead. Defendant relies on *Security Sav. & Loan v. Busch*, 84 Wn.2d 52, 523 P.2d 1188 (1974) for this proposition. In *Busch*, however, the court held that a valid homestead on property in which a family had a legal interest was extinguished when the family "voluntarily parted with *all interest* in the . . . property by means of a quitclaim deed." *Busch*, at 56. The court based its conclusion on the fact that the quitclaim deed conveyed all legal *and equitable* rights in the property. *Busch*, at 56. *Busch* does not, then, stand for the proposition that a legal interest in the subject property is a prerequisite for any homestead declaration. Indeed, as was stated (in dicta) in *Desmond v. Shotwell*, 142 Wash. 187, 188, 252 P. 692 (1927), "nowhere in the [homestead] statutes . . . is there any requirement

---

[1] If appellants are correct, the effects on residential lending would be far-reaching indeed. In 1981 the homestead statutes were amended to provide that the homestead exemption applies *automatically* to all property where the occupancy requirement is met. RCW 6.12.045(1). A declaration of homestead need no longer be filed in such cases. Thus, all residential deeds of trust involving owner-occupied property would be affected.

[2] Citizens is *not* arguing that the grant or assumption of the deed of trust operated as a waiver of the homestead right.

that the person asserting the right must own either a legal or an equitable interest in the property claimed." What was required by RCW 6.12 at all times relevant to this case was that homestead claimants live on the property as their home, or intend to do so. RCW 6.12.050. Thus, possession was (and is) the key to the right to homestead. In *Edgley v. Edgley,* 31 Wn. App. 795, 644 P.2d 1208 (1982), the court stated:

> [T]he right to a homestead does not depend upon title, but upon occupancy and use. *See also* 73 A.L.R. 116, 128 (1931); 74 A.L.R.2d 1355 (1960). The statute is designed to protect the home; there is no provision for apportioning interest. To this end, the statute has been interpreted not to deprive a declarant of the right to a homestead where another party also has an interest in the property. *Downey v. Wilber,* 117 Wash. 660, 202 P. 256 (1921); *Desmond v. Shotwell,* 142 Wash. 187, 252 P. 692 (1927); *Swanson v. Anderson,* 180 Wash. 284, 38 P.2d 1064 (1934).

31 Wn. App. at 797–98.

In short, there has never been any statutory or common law requirement that the "owner" of a homestead in Washington have a legal interest in the property. A homestead may be based upon the equitable interest of a grantor of a deed of trust.[3] Thus, the Feltons' declaration of homestead was valid.

### III

This conclusion brings us to the question of whether a homestead is exempt from a nonjudicial trustee sale conducted pursuant to a power of sale in a deed of trust. In order for a homestead to be exempted from a trustee sale by RCW 6.12.090, such sale must come under the category

---

[3]This result is consistent with the 1981 amendments to RCW 6.12.010 (defining an "owner" of a homestead). RCW 6.12.010 now states, in pertinent part, that "the term 'owner' includes . . . a purchaser under a deed of trust, mortgage, or real estate contract." This amendment appears to be a remedial clarification of who could declare a homestead.

of either a "forced sale" or an "execution".[4] RCW 6.12.090.

## A

■ Is a nonjudicial foreclosure sale under a deed of trust a forced sale? The legislative history of the homestead act, passed in 1895, is of little help. However, decisions of that era interpreting the phrase "forced sale" indicate that a sale conducted by a trustee pursuant to a deed of trust empowering him to sell is not a forced sale. In *Peterson v. Hornblower*, 33 Cal. 266 (1867), the California Supreme Court interpreted the meaning of "forced sale" as it appeared in the California Constitution homestead provision (which contained the same language as is found in the Washington Constitution, article 19, section 1). The court stated:

> [W]here the owner of the homestead consents to a sale under execution or other legal process, it is not a forced sale. It makes no difference in respect to its being forced or voluntary, whether he consents directly to the sale or does the same indirectly by consenting to or doing those acts or things that necessarily or usually eventuate in a sale. A foreclosure sale, whether under the power of sale contained in the mortgage or in pursuance of a decree, is not a forced sale within the meaning of the Constitution or the statute.

33 Cal. at 277.

In *Moran v. Clark*, 30 W. Va. 358, 377, 4 S.E. 303 (1887), the West Virginia Supreme Court in concluding that "[t]he sale of the homestead under a deed of trust, or under a decree of foreclosure of a mortgage thereon, is not a 'forced sale,' within the meaning of the Constitution, which exempts a homestead from 'forced sale'", stated:

> [N]early all cases so hold and, it seems to us, with reason. It is hard to see how a sale can be called "forced" where one consents, either directly or indirectly, that it shall be made, and in the very instrument in which the lien is

---

[4]The issue of whether the nonjudicial foreclosure provisions of RCW 61.24 conflict with RCW 6.12.100 is only reached if we find that homesteads are exempt from nonjudicial foreclosure sales under RCW 6.12.090.

created. He does it directly when he executes a power of sale, and he does so indirectly when he does that which at the time was intended in a certain contingency should eventuate in a sale of the property.

30 W. Va. at 375. *See also Hicks v. Mid–Florida Production Credit Ass'n,* 374 So. 2d 566 (Fla. Dist. Ct. App. 1979); *Curtis Inn v. Pratte,* 94 N.H. 380, 54 A.2d 357, 359 (1947); *Karcher v. Gans,* 13 S.D. 383, 83 N.W. 431 (1900); *Morris v. Marshall,* 305 S.E.2d 581 (W. Va. 1983).[5]

Washington courts have defined a forced sale as follows:

A forced sale is generally a transaction in which there is an element of compulsion on the part of either the seller or the buyer. If the element of compulsion is based upon purely economic reasons, the sale is generally considered voluntary . . . Where, however, a seller or buyer is forced to act under a decree, execution or something more than mere inability to maintain the property, the element of compulsion is based upon legal, not economic, factors . . .

*State v. Lacey,* 8 Wn. App. 542, 549, 507 P.2d 1206 (1973) (holding that a rigid per se rule as to the forced or voluntary nature of a probate sale of property that was being condemned could not be established, and that courts must proceed on a case–by–case basis). There appears to be only one Washington case which discusses whether or not the term "forced sale" applies to a sale conducted pursuant to a power of sale, and that application is merely dicta. In *Washington Credit, Inc. v. Houston,* 33 Wn. App. 41, 650 P.2d 1147 (1982), the court, quoting *White v. Rosenthal,* 140 Cal. App. 184, 186–87, 35 P.2d 154 (1934), stated:

The phrase "forced sale" does not apply where the owner consents directly to the sale, or does so indirectly by consenting to, or doing those acts or things that necessarily or usually eventuate in a sale, as, for instance, *a sale under a power contained in a mort-*

---

[5]We note that Texas courts do find that a sale *pursuant to a decree* of foreclosure is a forced sale. Nevertheless, even the Texas courts hold that a nonjudicial trustee's sale is not a forced sale. *See Stewart v. Mackey,* 16 Tex. 56, 58–59 (1856).

*gage* or a decree of foreclosure. When the owner of property consents to a sale under the execution or other legal process, the sale is not forced, but it is as voluntary, within the full import of the term, as it is when he directly effects the sale and executes the conveyance.

(Italics ours.) 33 Wn. App. at 45 n.2.[6]

We hold that a nonjudicial trustee sale is not a forced sale from which a homestead is exempt. The trustee sale is conducted pursuant to a power of sale granted the trustee. The grant of this power of sale should be, and has been, viewed as a consent to a lawful trustee sale. The consensual nature of the trustee sale prevents it from being subject to the homestead "forced sale" exemption.

B

Citizens must also show that the nonjudicial trustee sale is not an "execution". This court has defined "execution" as follows:

"Execution" is simply the mode of obtaining the debt recovered by judgment. 1 Bouvier's Law Dictionary (Rawle's 3rd Rev.) 1112. It is a writ by which the judgment of the court is enforced. *Mayer v. Morgan,* 26 Wash. 71, 66 Pac. 128 [(1901)].

*First Nat'l Bank v. Tiffany,* 40 Wn.2d 193, 196, 242 P.2d 169 (1952) (giving the homestead owner the right of possession during the period of redemption from a mortgage foreclosure sale). A nonjudicial trustee sale is not made pursuant to a judgment; thus, it is not an "execution".

We note that in *Mahalko v. Arctic Trading Co.,* 99 Wn.2d 30, 659 P.2d 502 (1983), we held, in part, that a deed

---

[6]One Washington case does refer, in dicta, to a mortgage foreclosure sale as a forced sale. *See Damascus Milk Co. v. Morriss,* 1 Wn. App. 501, 509, 463 P.2d 212 (1969). The reference is made almost in passing, however, with no supporting analysis. In referring to the sale as "forced", the court noted that the sale had been conducted under a writ of special execution issued pursuant to a decree of foreclosure. The case at bar, however, involves a nonjudicial trustee sale. There is no direct involvement by the State as there was in *Damascus Milk.* The sale was made pursuant to an agreement between the grantor and beneficiary of the deed of trust.

of trust is equivalent to a mortgage within the meaning of RCW 6.12.100 and that homestead property, upon which a creditor held a valid deed of trust, could thus be reached by execution under this section. Although both parties in *Mahalko* apparently realized that a nonjudicial foreclosure under a deed of trust is distinguishable from a judicial execution under a mortgage, neither party argued that a deed of trust falls outside the provisions of RCW 6.12.090 due to this distinction. This issue was raised for the first time in the instant case. Upon examining this question, we agree with respondents that a deed of trust is valid against homestead property because it reaches the homestead by means of nonjudicial foreclosure. As such a sale is not an "execution" under RCW 6.12.090, that statute is simply inapplicable.

Consequently, although the result in *Mahalko* remains the same under this analysis, that part of the opinion holding that a trust deed is exempt from RCW 6.12.090 because it is a mortgage within the meaning of RCW 6.12.100, is overruled.

In short, a nonjudicial trustee sale is not a forced sale, because of its consensual nature. The nonjudicial trustee sale is not an execution sale, because there is no judgment involved. Thus, a homestead is not exempted from such a sale by RCW 6.12.090.

IV

Finally, appellants argue that, even if the homestead exemption does not apply to nonjudicial trustee sales, the manner in which the trustee sale was conducted in this case was improper. The sale was delayed beyond the 30–day period allowed in the deed of trust instrument. Appellants admit, however, that the postponements of the sale are made at their request. Thus, appellants were estopped from claiming that Citizens did not comply with the delay of sale procedures in the deed of trust.

The trustee sale, originally scheduled for November 20, 1981, was finally held on March 12, 1982. This delay is

within the 120 days allowed by RCW 61.24.040(6), as that statute was amended in 1981. The amendment became effective July 26, 1981. The notice of the trustee sale was recorded August 14, 1981, after the effective date of the amendment. Thus, the delay in the sale was not prohibited by statute.

The trial court's grant of summary judgment is affirmed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.