Opinion by
Willson, J.
§ 96. Pleading; petition in suit for damages for breach of contract. The petition set forth'the contract; alleged a performance of its conditions on the part of the plaintiff; a breach of the conditions on the part of the defendant, and the damages consequent upon such breach. Held, that the petition showed a good cause of action, and the general demurrer thereto was properly overruled.
§ 97. Contract; construction of; subletting mail route; damages. Appellee Dunn having a mail contract with the United States government, sublet the same to one *76 Taylor, agreeing to pay Taylor $2,400 per annum for carrying the mails in accordance with the requirements of said Dunn’s contract with the government. Said Taylor, together with appellant Welder as his surety, executed and delivered to Dunn a bond in the penal sum of $500, conditioned that Taylor would faithfully perform all the duties and obligations incumbent upon him under said contract for carrying the mails. Dunn brought this suit against Welder upon said bond, to recover $442, alleging that Taylor had failed to carry the mails for a period of seven months and eleven days, during which time he, Dunn, was compelled to pay for carrying said mails, in excess of his contract price with said Taylor, at the rate of $60 per month, aggregating said sum of $442. Taylor was not sued, it being alleged that he was insolvent, and a non-resident of the state. Appellee recovered judgment for the full amount sued for. Held: 1. The contract of subletting bound Taylor to carry the mails, on the route named, for the full term specified in Dunn’s contract with the government. 2. It was the right and duty of Dunn, under his contract with the government, upon the failure of Taylor to perform the contract, to employ some other person to carry the said mails, upon as reasonable terms as he could, and if these terms were in excess of the amount he had agreed to pay Taylor, he would be entitled in this action to recover such excess. 3. But there is no proof in the record that Dunn complied with his contract with Taylor by paying him the $2‘400 per annum agreed upon. There is no evidence showing what amount, if any, was paid Taylor on said contract for the services performed by him. To entitle Dunn to recover’, it devolved upon him to prove that he had paid Taylor in accordance with the stipulations of his contract with him. Nor is there any proof that Dunn sustained any damage by reason of Taylor’s failure to perform the contract. It was proved that he had to pay another person at the rate of $60 per month to carry the mails during the seven months and *77 eleven days that Taylor failed to carry them. But it was not shown that this was in excess of the rate of $200 per month, which by the contract he was to pay Taylor. If he only paid $60 per month, as proved, he was benefited instead of damaged by Taylor’s abandonment of the contract. It appears from the evidence that during the time that Taylor failed to carry the mails, Dunn drew the pay for the service from the government, though it does not appear what was the amount thereof. The judgment is not supported by the evidence.
January 23, 1884.
Reversed and remanded.