[No. 23666–1–I.  Division One.  January 8, 1990.]

GARY SMITH, *Appellant,* v. SIMONARSON, VISSER, ZENDER, BRANDT AND THURSTON, ET AL, *Respondents.*

*Richard C. Kimberly,* for appellant.

*Joel E. Wright* and *Lee, Smart, Cook, Martin & Patterson,* for respondents.

COLEMAN, C.J.—Gary Smith appeals from the trial court's grant of summary judgment in favor of the defendants in Smith's malpractice action against Philip Brandt and the law firm of Simonarson, Visser, Zender, Brandt & Thurston. Smith contends that the trial court erred in finding that recording his judgment would have been a useless act under both CR 62(a) and the bankruptcy code. We agree.

In May 1985, Gary Smith retained Philip Brandt of the law firm of Simonarson, Visser, Zender, Brandt & Thurston

to enforce his rights against Sharon Dralle as a creditor under a real estate contract. Dralle was behind in her payments to Smith. In August 1985, Dralle filed a declaration of homestead. On December 20, 1985, a judgment for $29,741.16, plus interest, costs, and attorney fees, was entered in Whatcom County Superior Court in favor of Smith against Dralle. Less than 5 court days later, on December 26, 1985, Dralle filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

On March 10, 1986, Dralle moved to set aside Smith's lien from her homestead. Smith opposed the motion through his new attorney, Richard Kimberly, whom Smith retained after attorney Brandt left the Simonarson firm. In June 1986, Kimberly learned that Smith's judgment against Dralle had never been recorded and, therefore, had not attached to Dralle's homestead property. Smith then initiated an action for professional negligence against Brandt and the Simonarson firm.

An arbitrator granted the defendants' motion for summary judgment and dismissed Smith's claims with prejudice. The matter was renoted in Island County Superior Court. An order granting defendants' motion for summary judgment was entered. The court later issued an amended order that set forth all the materials on which the court relied in making its decision. Smith now appeals that decision.

We first consider whether the trial court erred in finding that defendants were prohibited by CR 62(a) from recording appellant's judgment.

CR 62(a) states as follows:

> No execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 5 days after its entry. Unless otherwise ordered, an interlocutory or final judgment in an action for an injunction or in a receivership action, shall not be stayed during the period after its entry and until appellate review is accepted or during the pendency of appellate review.

Appellant argues that recording a judgment is not an action taken for the enforcement of that judgment.

Respondents argue that recording a judgment is a proceeding taken to enforce a judgment and is prohibited by CR 62(a) if attempted within 5 days after the entry of a judgment. Both parties rely upon *Anastos v. M.J.D.M. Truck Rentals, Inc.*, 521 F.2d 1301 (7th Cir. 1975), to support their positions.

*Anastos* was also a malpractice action against an attorney who failed to perfect a judgment lien on a debtor's property before the debtor declared bankruptcy.[1] The *Anastos* court agreed with the plaintiff that the automatic stay following entry of a judgment did not prevent the attorney from recording the judgment. *Anastos,* at 1303; *see also Hamilton Steel Prods., Inc. v. Yorke,* 376 F.2d 463, 466 (7th Cir. 1967); 7 J. Moore & J. Lucas, *Federal Practice* ¶ 62.03 (2d ed. 1987).

> The stay prevents execution but does not prevent recording of the judgment for purposes of preserving a lien and if the party in whose favor the judgment is rendered fails to record it, and the judgment debtor becomes bankrupt in the meanwhile, the trustee's sale of the bankrupt's property is free of the judgment lien.

7 J. Moore & J. Lucas ¶ 62.03 n.6.

*Anastos* supports appellant's position that recording the judgment does not constitute "execution" and, thus, that respondent Brandt could have recorded the judgment within 5 days of the entry of the judgment without violating CR 62(a). The *Anastos* court held, however, that the attorney was not negligent for failing to record the judgment because, under Illinois law, to create a lien a judgment must be one upon which execution may issue. *Anastos,* at 1303. Because the automatic stay prevented the judgment from being executed upon, even if the attorney had recorded the judgment, no lien would have been created under Illinois law. *Anastos,* at 1304. Recording the

---

[1]*Anastos* involved the automatic stay provision of Fed. R. Civ. P. 62(a), substantially similar to the Washington rule, which states as follows: "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Fed. R. Civ. P. 62(a).

judgment, therefore, would have been a useless act. *Anastos,* at 1304.

In contrast to Illinois law, in Washington a lien upon the real estate of a judgment debtor generally commences automatically upon the entry of the judgment.[2] However, if the judgment is entered in a county other than the one in which the real estate is located, the lien commences from the time of filing of the judgment in the county where the real estate is located.[3] Similarly, a judgment against the owner of a homestead becomes a lien on the value of the homestead property in excess of the homestead exemption "from the time the judgment creditor records the judgment with the recording officer of the county where the property is located." RCW 6.13.090.

█ No cases from Washington or other jurisdictions were found that hold that recording a judgment is a proceeding taken to enforce a judgment. Nor were any cases found that hold that a lien created during the automatic stay provision of CR 62(a) is void. Therefore, in accordance with the general rule as set forth in *Federal Practice, supra,* we hold that recording a judgment is not a proceeding for the enforcement of a judgment in violation of CR 62(a). Consequently, a valid lien on the value of Dralle's

---

[2]RCW 4.56.200(1) provides:

"The lien of judgments upon the real estate of the judgment debtor shall commence as follows:

"(1) Judgments of the district court of the United States rendered in the county in which the real estate of the judgment debtor is situated, and judgments of the superior court for the county in which the real estate of the judgment debtor is situated, from the time of the entry thereof[.]"

[3]RCW 4.56.200(2) provides:

"The lien of judgments upon the real estate of the judgment debtor shall commence as follows:

". . . .

". . . judgments of the superior court for any county other than that in which the real estate of the judgment debtor to be affected is situated, from the time of the filing of a duly certified abstract of such judgment with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated, as provided in this act[.]"

homestead property in excess of her homestead exemption would have been created if respondent Brandt had recorded appellant's judgment. Recording the judgment would have established its priority over subsequent claims to Dralle's property. *Homann v. Huber,* 38 Wn.2d 190, 198, 228 P.2d 466 (1951); *Mahalko v. Arctic Trading Co.,* 29 Wn. App. 411, 414, 628 P.2d 859 (1981) (priority between creditors is determined in order of time, first in time being first in right), *rev'd on other grounds,* 99 Wn.2d 30, 659 P.2d 502, 41 A.L.R.4th 280 (1983). Recording the judgment, therefore, would not have been useless under CR 62(a).

The order and judgment of the trial court are reversed and the cause is remanded for further proceedings consistent with this opinion.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

WINSOR, J., and RINGOLD, J. Pro Tem., concur.