[No. 33106-0-I.    Division One.    December 5, 1994.]

WILSON SPORTING GOODS CO., *Plaintiff*, v. STEPHEN L. PEDERSEN, ET AL, *Respondents*, ANTHONY E. WHITE, *Appellant*.

*Owen J. Wales, Wales & Maimon, Daniel Peter Brink,* and *Brink & Todd,* for appellant.

*Grant L. Harken, David S. Kerruish,* and *Ordal & Jones,* for respondents.

BAKER, J. — Anthony White appeals the trial court's orders allowing Beneficial Mortgage Company (Beneficial) to intervene in his creditor's execution proceedings against Stephen L. Pedersen, and quashing the execution because the judgment had not attached to Pedersen's homestead property. We reverse, holding that a lien on the excess value of homestead property commences when a judgment is recorded in the county where the property is located, and such a lien survives bankruptcy. We also hold that the misspelling of Pedersen's name on the judgment was not fatal to the perfection of the judgment lien.[1]

### FACTS

1980 Stephen L. and Zena Peder*sen* purchased real property in King County to occupy as their primary residence. Under RCW 6.13.040, an automatic homestead of up to $30,000 was thereby created.

7/26/85 A default judgment was entered in King County Superior Court against Stephen L. Peder*son,* d/b/a University Sports Brooklyn Square. The judgment was in favor of Wilson Sporting Goods.

---

[1] Our previous opinion in this case has been withdrawn.

8/27/85 The judgment was transcribed to Superior Court, again with the misspelled name.

10/10/86 The misspelled judgment was recorded with the Department of Records and Elections.

4/20/88 The Pedersens filed a chapter 7 bankruptcy petition, listing the judgment as one of the outstanding debts. An order of discharge was entered August 9, 1988.

10/16/92 Respondent Beneficial took a deed of trust on the Pedersens' residence (the homestead) as security for a new loan. The deed was recorded in King County.

11/17/92 Wilson Sporting Goods assigned the judgment to Appellant Anthony White.

4/20/93 A writ of execution on the homestead was issued, and the sheriff levied on the property.

5/21/93 The Superior Court appointed an appraiser for the homestead property, pursuant to RCW 6.13.100 *et seq.*[2] The appraiser valued the property.

6/9/93 Pedersen filed a motion to quash the sheriff's sale on the basis that the judgment had been discharged in bankruptcy.

6/15/93 Beneficial filed its motion to intervene as a matter of right pursuant to CR 24(a).

6/23/93 Beneficial's motion to intervene was granted, and the writ of execution was quashed.

6/30/93 White filed for reconsideration, or alternatively, clarification.

7/9/93 The trial court denied the motion for reconsideration, and issued a supplemental order clarifying its ruling. The supplemental order found that the failure to spell "Pedersen" properly on the judgment resulted in improper recording and omis-

---

[2]This series of statutes details the procedure for execution against a homestead. The judgment creditor must first apply to superior court for appointment of an appraiser. If, after reviewing the appraiser's report, it appears to the court that the value of the homestead, less liens and encumbrances, exceeds the homestead exemption, the court may order division or sale of the homestead.

of the judgment from the index of the King County Recorder, failure to give notice of the judgment to persons without actual notice, and failure of the lien to be perfected and attach. The court went on to note that no excess value exists, and therefore no lien on the subject property exists, until the appraisal and execution procedures required by RCW 6.13.100 *et seq.* are carried out. The court found that Wilson Sporting Goods' failure to perfect its lien via the appraisal and execution procedures prior to the discharge in bankruptcy meant that the judgment creditor could take no further steps to execute and levy upon the property.

## I

White initially claims the trial court erred by allowing Beneficial to intervene. Beneficial's right to intervene is governed by CR 24, which reads in pertinent part:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action:

. . . .

(2) When an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

This court reviews an order allowing permissive intervention using the abuse of discretion standard. *Ford v. Logan*, 79 Wn.2d 147, 150, 483 P.2d 1247 (1971). The trial court should disallow intervention only when it will unduly delay or prejudice the rights of the original parties. *State ex rel. Keeler v. Port of Peninsula*, 89 Wn.2d 764, 767, 575 P.2d 713 (1978).

White made no showing that he was prejudiced or delayed by Beneficial's intervention. He argues Beneficial's interest in the real estate would not be prejudiced by his claim, and therefore its intervention was unnecessary.

However, White's appraisal report was based on the superiority of his claim over Beneficial's, and so directly challenged the priority of Beneficial's lien. Execution and sale would cloud the title of the property on which Beneficial claimed a security interest. Therefore, Beneficial had an interest in the proceeding, and the trial court did not abuse its discretion in allowing intervention.

## II

White argues that under RCW 6.13.090 a lien is created on the judgment debtor's homestead property, to the extent of its excess value, upon recordation of the judgment in the county where the property is located. The trial court rejected White's argument and ruled that a lien is not created until the appraisal process has been completed pursuant to RCW 6.13.100 *et seq.*[3]

In support of the trial court's decision, Beneficial asserts that *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 659 P.2d 502, 41 A.L.R.4th 280 (1983), *overruled on other grounds by Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 679 P.2d 928 (1984), which followed the *Lien v. Hoffman*, 49 Wn.2d 642, 306 P.2d 240 (1957) line of cases, governs this case. In *Mahalko* the court held that mere recordation of a judgment does not create a lien on the excess value of the judgment debtor's homestead property.

The year following the *Mahalko* decision, the Legislature amended the homestead laws, RCW 6.12.105, *recodified as* RCW 6.13.090,[4] by stating specifically that a lien *is* created

---

[3]Unlike secured transactions law, the law of judgment liens makes no distinction between attachment and perfection of liens. A judgment lien simply "commences". See, e.g., RCW 4.56.200.

[4]RCW 6.12.105 was in effect in 1986 when White's judgment was recorded. RCW 6.12.105 provided:

When a homestead declaration occurs before a judgment, the judgment creditor has a lien on the value of the property in excess of the homestead

on the excess value of homestead property when a judgment is properly recorded. In *Smith v. Simonarson, Visser, Zender, Brandt & Thurston*, 56 Wn. App. 513, 784 P.2d 552 (1990), this court so interpreted the new statute:

> [A] judgment against the owner of a homestead becomes a lien on the value of the homestead property in excess of the homestead exemption "from the time the judgment creditor records the judgment with the recording officer of the county where the property is located."

*Smith*, 56 Wn. App. at 516 (quoting RCW 6.13.090).

Beneficial argues that the lien created is only on the abstract concept of excess value, not on the property itself. This distinction is important because the bankruptcy code provides that a judicial lien on nonexempt property, or the nonexempt portion of exempt property, survives bankruptcy. 11 U.S.C. § 522(c), (f). If the lien is not on property, it would presumably not survive discharge in bankruptcy.

However, Beneficial has no authority for its position, and even the *Mahalko* court did not draw a distinction between property and the value thereof. In *Smith* the lien on excess value created by recording was likened to the lien on property in another county created by recording the judgment in that county. *Smith*, 56 Wn. App. at 516; *see also In re Gitts*, 116 B.R. 174, 178 (Bankr. 9th Cir. 1990) (recognizing that the homestead exemption protects property from judgments only up to the amount of the homestead exemption), *aff'd*, 927 F.2d 1109 (1991).

■■ All liens are essentially on the value of the item liened. A lienor does not know the true value of the lien until the lien is executed. The lien on excess value of homestead property is similar to a second mortgage. The second mort-

exemption. This lien commences when the judgment creditor records the judgment with the auditor of the county where the property is located.

The statute was recodified in 1987 as RCW 6.13.090, and rewritten to be consistent with the current homestead statute, providing an automatic homestead exemption. At the time of White's lien an automatic homestead exemption was effective on the Pedersens' residence. Therefore, former RCW 6.12.105 was already inconsistently worded with the homestead exemption. However, this inconsistency is trivial and does not affect the excess value lien.

gage is for a certain amount, but the actual value of the lien is limited by the value of the property in excess of the first mortgage. Similarly, the lien on excess value of homestead property is for a certain amount, the amount of the judgment. The actual value of the creditor's lien, however, is limited by the value of the property in excess of the homestead exemption. Following its policy of protecting homesteads, the Legislature has required that a determination be made that there is indeed excess value before the lien is actually executed. However, the lien created is on the property.[5]

■■ Finally, Beneficial argues that homestead property is exempt property, and under the general judgment lien statute, RCW 4.56.190, no lien is created on real estate which is exempt by law. Beneficial contends that our interpretation of RCW 6.13.090 would conflict with the general judgment lien statute. However, the homestead law only provides for an exemption up to a certain value. The property is not exempt as to value above the homestead amount. Moreover, it is a rule of statutory construction that a specific provision overrides a conflicting general provision. *See, e.g., Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 78, 847 P.2d 440 (1993). We do not conclude that a conflict exists between the two statutes. Even if we were to so conclude, we would give effect to the specific provision of RCW 6.13.090 and hold that the judgment lien came into effect upon recordation.

### III

The trial court found that the misspelling of Pedersen's name on the recorded judgment was fatal to creation of a lien. White argues that the rule of *idem sonans* applies in Washington. The rule of *idem sonans* is that if a word, as misspelled, conveys to the ear the same word correctly spelled,

---

[5]As noted previously, the trial court ruled that no lien arises until the execution appraisal process has been completed. RCW 6.13.100 *et seq.* In addition to other problems created by such a rule, we note that it would permit a judgment debtor to convey homestead property free of the judgment lien at any time before execution sale, no matter how much excess value over the homestead amount existed.

the misspelling is not fatal to the validity of the document. *Kelly v. Kuhnhausen,* 51 Wash. 193, 194-95, 98 P. 603 (1908).

The rule of *idem sonans* has been applied to the recording of a lien in Washington. *In re Esparza,* 118 Wn.2d 251, 821 P.2d 1216 (1992). The statute applicable to the lien in *Esparza* required "in substance" the name of the debtor on the document recorded.[6] The court used the Uniform Commercial Code and the common law rule of *idem sonans* as alternative grounds for finding the misspelling of Esparza as Esparsa not fatal to the lien. *Esparza,* 118 Wn.2d at 257. The court recognized that "[t]he whole purpose of requiring the filing of a claim of lien and prescribing its contents is to give notice to those who do, or should do, a reasonable search of the appropriate records." *Esparza,* 118 Wn.2d at 257.

In analyzing the applicability of the rule of *idem sonans* to the facts of *Esparza,* the court noted that the first name of the debtor was not misspelled, the last name was only misspelled by one letter, and the names sounded sufficiently alike. *Esparza,* 118 Wn.2d at 260. In this case, the judgment against Stephen L. Pedersen d/b/a University Sports Brooklyn Square mistakenly referred to him as Stephen L. Pederson. The first name and middle initial are both spelled correctly. The last name has only one incorrect letter, and the names Pederson and Pedersen sound as alike as Esparza and Esparsa. The misspelling in this case fits into the rule of *idem sonans,* and is not fatal to the otherwise valid judgment lien.

## IV

Beneficial requests an award of fees and costs, but cites no authority for such an award.[7] "Under the American

---

[6]Beneficial asserts that the rule of *idem sonans* does not apply to instruments affecting real property because the recording statutes govern. However, the recording statutes Beneficial refers to do not specify what must be contained in an instrument recorded. The only specific requirement is that they be acknowledged. RCW 65.08.070.

[7]Beneficial appears to believe that it is entitled to fees because this court withdrew its initial opinion in this case to reconsider the issues involved. However, lack of adequate briefing by both parties in the first instance is not grounds for awarding attorney fees.

rule, the parties are responsible for their own attorney fees unless an award of fees is authorized by a private agreement, statute, or a recognized ground of equity." *Bentzen v. Demmons*, 68 Wn. App. 339, 349, 842 P.2d 1015 (1993). Accordingly, Beneficial's request is denied.

We reverse the trial court's order quashing the sheriff's sale, and remand for execution of White's lien against the Pedersens' property.

PEKEKIS, C.J., and KENNEDY, J., concur.

Reconsideration denied January 6, 1995.