[No. 38327-2-I.   Division One.   April 7, 1997.]

*In the Matter of* THOMAS C. DEAL, JR., ET AL.

R. STEVEN MEHL, ET AL., *Appellants*, v. SUSAN ADAMS ROBERTS, *Respondent*.

*Terrence J. Donahue, Jason M. Whalen,* and *Eisenhower & Carlson,* for appellants.

*Joanne Henry, Harold T. Hartinger,* and *Vandeberg Johnson & Gandara,* for respondent.

KENNEDY, A.C.J. — In order to partially satisfy debts owed to them, the appellants and the respondent each made competing claims to the surplus proceeds of a trustee's sale of the debtor's homestead property. The trial court ruled that the respondent's judgment lien attached when she recorded her judgment with the King County Auditor in accord with RCW 6.13.090, before the appellants' deed of trust was recorded, rather than when she later filed a certified abstract of the judgment with the King County Superior Court Clerk in accord with RCW 4.56.200(2). Because the court found that the respondent had lien priority, it ordered the excess proceeds dispersed to her. Appellants contend that the trial court erred in holding that the statute governing attachment of judgment liens against homestead property, RCW 6.13.090, controlled over the more general statute governing commencement of judgment liens on all real estate, RCW 4.56.200(2). The trial court did not err, and we affirm.

## FACTS

Thomas and Connie Deal owned and lived in a home in

King County that qualified as their homestead under chapter 6.13 RCW. In July 1994, in order to secure a debt owed to Melvin and Beverly Bass, the Deals executed a deed of trust encumbering their home in favor of the Basses. When the Deals subsequently defaulted on the debt, the Basses instituted nonjudicial foreclosure proceedings on the deed of trust. After the debt owed to the Basses was satisfied, there remained surplus proceeds of $42,122.82. These surplus proceeds were deposited with the King County Superior Court in August 1995. Thereafter, two parties applied to the court for the entire surplus proceeds: Susan Adams Roberts, the respondent; and Steven, Ann and Julian Mehl, and Alyson and Alex Thieman, the appellants (hereinafter referred to collectively as "Mehl"). The surplus proceeds were not sufficient to fully satisfy the debt owed to either party.

In June 1994, Roberts had obtained a money judgment in Pierce County against the Deals. In August 1994, Roberts recorded her judgment with the King County Auditor, in accord with RCW 6.13.090. In November 1994, Mehl had obtained and recorded a deed of trust securing a debt owed by the Deals. Thereafter, in December 1994, Roberts filed a certified abstract of her judgment with the King County Superior Court Clerk, in accord with RCW 4.56.200(2).

Mehl filed a motion in the trial court for disbursement of the surplus funds, arguing that Mehl had priority over Roberts because Mehl recorded the deed of trust before Roberts filed an abstract of her judgment with the King County Superior Court Clerk. Roberts argued that her judgment lien attached when she recorded the judgment with the King County Auditor, which was before the appellants' deed was recorded, and not when she later filed the judgment abstract with the court clerk. The trial court agreed with Roberts and ordered that the surplus funds be disbursed to her.

This timely appeal followed.

## DISCUSSION

The priority of competing creditors' rights to the surplus proceeds of a trustee's sale is determined by the order in which the creditors' liens attached to the property. RCW 61.24.080(3). The issue is whether Roberts's lien attached when she recorded her judgment pursuant to RCW 6.13.090, or when she later filed an abstract of the judgment pursuant to RCW 4.56.200(2).

The first statute, RCW 6.13.090, which applies specifically to liens on the excess value of homestead property, provides that a judgment against a homestead owner becomes a lien on the value of the homestead over and above the homestead exemption when the judgment is recorded with the recording officer of the county where the property is located.[1] The second and more general statute, RCW 4.56.200(2), provides that a judgment creditor obtains a lien upon any real property located in another county when he or she files a certified abstract of the judgment with the clerk of the county where the property is located.[2]

Mehl contends that RCW 4.56.200(2) was meant to be read in addition to RCW 6.13.090 to create a two-step process by which a judgment creditor's interest in the value of a debtor's homestead property in excess of the home-

---

[1]RCW 6.13.090 provides: "A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located."

[2]RCW 4.56.200 provides, in pertinent part:

"The lien of judgments upon the real estate of the judgment debtor shall commence as follows:

". . . .

"(2) . . . [J]udgments of the superior court for any county other than that in which the real estate of the judgment debtor to be affected is situated, from the time of the filing of a duly certified abstract of such judgment with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated[.]"

stead exemption attaches: first, by recording the judgment with the auditor of the county where the real estate is located (RCW 6.13.090); and second, by filing a judgment abstract with the clerk of that county (RCW 4.56.200(2)). Under this theory, Mehl would have lien priority because Mehl's deed of trust was recorded before Roberts completed the second of these two steps. Mehl contends that this two-step process is mandated by article XIX, section 1 of the Washington Constitution, which provides: "The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." Mehl argues that allowing creditors to obtain liens by simply recording judgments in the county where homestead property is situated provides no greater protection to homestead owners than to owners of any other type of real property.

█ We reject Mehl's constitutional analysis. Liens commenced under RCW 6.13.090 encumber the value *in excess* of the homestead exemption. The constitutional requirement that the Legislature protect a certain portion of the homestead is satisfied by the exemption itself, and is not implicated in a dispute among judgment creditors as to priority with respect to value in excess of the exemption. We hold that a judgment creditor who wishes his or her judgment to attach to the value of a homestead in excess of the homestead exemption need only record the judgment under RCW 6.13.090 and need not, in addition, file an abstract of judgment under RCW 4.56.200(2). Although an out-of-county judgment creditor who wishes his or her judgment to attach to the debtor's real estate generally must also file a certified abstract with the county clerk, it is not necessary to do both merely to perfect a judgment lien against the value of homestead property in excess of the exemption.

RCW 6.13.090 was enacted in 1984 in response to the Supreme Court's decision in *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 34-36, 659 P.2d 502, 41 A.L.R.4th 280 (1983), *overruled in part on other grounds by Felton v.*

*Citizens Fed. Sav. & Loan Ass'n,* 101 Wn.2d 416, 679 P.2d 928 (1984). In *Mahalko,* the court held that mere recordation of a judgment did not create a lien on the excess value of the judgment debtor's homestead property, in that creditors not holding mortgages against the homestead property could only reach the value in excess of the exemption amount by appraising the value of the property and holding a sale if the value exceeded the exemption amount and was indivisible. This portion of the *Mahalko* opinion was superseded by statute the following year when the Legislature amended RCW 6.12.105, recodified as RCW 6.13.090, to specifically state that properly recording a judgment does indeed create a lien on the excess value of homestead property. *Wilson Sporting Goods Co. v. Pedersen,* 76 Wn. App. 300, 304-05, 886 P.2d 203 (1994).

■ The *Mahalko* court said that "[g]enerally speaking, personal judgments become liens upon the real property of the judgment debtor. RCW 4.56.190-.200. *Such judgments do not become liens upon real property to which the homestead exemption applies." Mahalko,* 99 Wn.2d at 34 (emphasis added). This portion of the *Mahalko* opinion is still good law and was not undermined, but rather was confirmed by the subsequent enactment of RCW 6.13.090. Filing an abstract of judgment under the general lien statute, RCW 4.56.200(2), does not reach the homestead; such filing is a useless act if the creditor's only intent is to reach homestead property. Accordingly, RCW 6.13.090, not RCW 4.56.200(2), provides the proper means for a judgment creditor to obtain a lien against the value of homestead property in excess of the homestead exemption.

Our holding that only compliance with RCW 6.13.090, and not RCW 4.56.200(2) is necessary to create a judgment lien on the excess value of homestead property is consistent with the rule of statutory construction that a specific statute will supersede a general statute when both apply. *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n,* 123 Wn.2d 621, 630, 869 P.2d 1034 (1994) (citing

*General Tel. Co. of Northwest, Inc. v. Utilities & Transp. Comm'n,* 104 Wn.2d 460, 464, 706 P.2d 625 (1985)). Although we do not believe that both statutes do in fact apply where the judgment creditor seeks only a lien upon real property to which the homestead exemption applies, we observe that whereas RCW 4.56.200(2) applies to judgments against holders of real estate generally, RCW 6.13.090 applies only to judgments against homestead owners, a much narrower class. As the more specific statute, RCW 6.13.090 governs over RCW 4.56.200(2), to the extent of any conflict between the two statutes. *See Wilson,* 76 Wn. App. at 304 (stating in dicta that the specific provisions of RCW 6.13.090 would control over the general judgment lien statute, to the extent of any conflict between the two statutes).

Roberts's judgment lien attached in August 1994, when she recorded her judgment with the King County Auditor. Because Roberts's lien attached before Mehl recorded the deed of trust, the trial court was correct in ruling that she had lien priority and in awarding her the surplus proceeds of the trustee's sale of the debtor's homestead property.

Affirmed.

COLEMAN and COX, JJ., concur.