[No. 38522-4-I.    Division One.    September 29, 1997.]

*In re the Trustee's Sale of the Real Property of* G. MICHAEL SWEET, ET AL.

G. MICHAEL SWEET, ET AL., *Appellants*, v. RAY O'LEARY, ET AL., *Respondents*.

*Richard G. Birinyi*, for appellants.

*Samuel S. Chung* of *Short, Cressman & Burgess*, for respondent Ray O'Leary.

*William G. Suttell* of *Suttell Law Offices*, for respondent Rockwood Acceptance Corp.

GROSSE, J. — The homestead exemption creates an interest in property that attaches to the surplus proceeds from a nonjudicial foreclosure sale under a deed of trust such that a judgment creditor's claim is limited to funds in excess of the homestead, if any. The trial court's determination to the contrary is reversed.

This appeal arises from disbursement of surplus funds from a nonjudicial foreclosure sale of the home of G. Michael and Louise S. Sweet. The sale was held on the deed of trust against the Sweets' property. The deed of trust was granted by the Sweets to the primary lender, Seattle

First National Bank. A judgment creditor, Ray O'Leary, submitted the winning bid of $245,000. After paying the costs of sale and of the foreclosure, the trustee deposited the surplus of $68,117.96 into the registry of the court. Rockwood Acceptance Corporation (Rockwood), a creditor with rights superior to those of O'Leary, petitioned the court and received its share of the surplus, reducing the fund in the court's registry to approximately $30,000.

After disbursement to Rockwood, the Sweets moved to have the remaining surplus disbursed to them, claiming a $30,000 homestead exemption. O'Leary opposed the motion. The trial court agreed with O'Leary and held that the Sweets no longer possessed any homestead right to the funds. O'Leary received the funds remaining in the registry. The Sweets appeal.

Since 1981, homestead protection is "automatic" and protects property owners from the time the real property is occupied as a principal residence. RCW 6.13.040.

The trial court held that the protection of the homestead interest was extinguished by a voluntary sale pursuant to a deed of trust. We disagree. The fact that the Sweets' homestead interest in the property provided no protection against the beneficiary of a deed of trust from realizing on its security does not resolve the relative priority between claimants other than the beneficiary to surplus proceeds.

The rights to and distribution of the surplus proceeds are set forth in the deed of trust statute, RCW 61.24.080(3), which states:

> (3) The surplus, if any, less the clerk's filing fee shall be deposited together with a copy of the recorded notice of sale with the clerk of the superior court of the county in which the sale took place. The clerk shall index such funds under the name of the grantor as set out in the recorded notice. Upon depositing such surplus, the trustee shall be discharged from all further responsibilities therefor. *Interests in, or liens or claims of liens against the property eliminated by sale under this section shall attach to such surplus in the order of prior-*

*ity that it had attached to the property.* The clerk shall not distribute such surplus except upon order of the superior court of such county.

(Emphasis added.) It is clear that interests in and liens upon the property are transferred to the excess proceeds. At the very least, a homestead is an interest in property.

O'Leary's judgment lien is not based on a liability exempted from any application of the homestead right. His lien is junior to the Sweets' homestead. To follow the holding of the trial court would ignore the homestead right and amount to a permanent extinguishment by operation of the deed of trust statute. O'Leary does not assume the position of a beneficiary of a deed of trust.

Immediately prior to the trustee's sale, the O'Leary judgment lien attached only to the "value of the homestead property *in excess of the homestead exemption*[.]" RCW 6.13.090.[1] As the court in *Wilson Sporting Goods Co. v. Pedersen* stated:

> The lien on excess value of homestead property is similar to a second mortgage. The second mortgage is for a certain amount, but the actual value of the lien is limited by the value of the property in excess of the first mortgage. Similarly, the lien on excess value of homestead property is for a certain amount, the amount of the judgment. The actual value of the creditor's lien, however, is limited by the value of the property *in excess of the homestead exemption.* Following its policy of protecting homesteads, the Legislature has required that a determination be made that there is indeed excess value before the lien is actually executed. However, the lien created is on the property.[2]

(Emphasis added.)

A discussion in *In re Deal*[3] is consistent with the reason-

---

[1]*See Wilson Sporting Goods Co. v. Pedersen,* 76 Wn. App. 300, 886 P.2d 203 (1994).

[2]*Wilson,* 76 Wn. App. at 305-06 (footnote omitted).

[3]*In re Deal,* 85 Wn. App. 580, 933 P.2d 1084 (1997).

ing in *Wilson*. In *Deal*, the court decided the priority of competing creditor claims to surplus proceeds, and noted:

Liens commenced under RCW 6.13.090 encumber the value *in excess* of the homestead exemption. The constitutional requirement that the Legislature protect a certain portion of the homestead is satisfied by the exemption itself, and is not implicated in a dispute among judgment creditors as to priority with respect to value in excess of the exemption. We hold that a judgment creditor who wishes his or her judgment to attach to the value of a homestead in excess of the homestead exemption need only record the judgment under RCW 6.13.090 and need not, in addition, file an abstract of judgment under RCW 4.56.200(2).[4]

RCW 6.13.090 was enacted in 1984 in response to the case of *Mahalko v. Arctic Trading Co.*[5] to state that a properly recorded judgment creates a lien on the excess value of the homestead property.

As recognized in *Deal*:

The *Mahalko* court said that '[g]enerally speaking, personal judgments become liens upon the real property of the judgment debtor. RCW 4.56.190-.200. *Such judgments do not become liens upon real property to which the homestead exemption applies.*' *Mahalko*, 99 Wn.2d at 34 (emphasis added). This portion of the *Mahalko* opinion is still good law and was not undermined, but rather was confirmed by the subsequent enactment of RCW 6.13.090.[6]

O'Leary argues that by granting a deed of trust on their homestead property, the Sweets gave up all homestead rights forever. His argument focuses on the priority between the Sweets' homestead and the beneficiary of the deed of trust, not the relative priority between the Sweets' homestead and O'Leary's judgment lien. His argument

---

[4]*Deal*, 85 Wn. App. at 584.

[5]*Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 34-36, 659 P.2d 502, 41 A.L.R.4TH 280 (1983), *overruled in part on other grounds in Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 679 P.2d 928 (1984).

[6]*Deal*, 85 Wn. App. at 585.

largely rests on *Felton v. Citizens Federal Savings & Loan Ass'n.*[7] However, *Felton* did not involve application of RCW 61.24.080, and did not concern the relative rights between the homestead owner and the holder of a judgment lien. *Felton* did conclude that the deed of trust sale was not an "execution" or "forced sale" of the property, but only as between the beneficiary of the deed of trust and the owner of the homestead, *not* a judicial lienholder and the owner of a homestead. However, the *Felton* court recognized that the property owner had a sufficient "interest" to create a homestead following execution of a deed of trust, stating that "[a] homestead may be based upon the equitable interest of a grantor of a deed of trust."[8] Thus, contrary to O'Leary's argument, *Felton* acknowledges that the granting of a deed of trust to one beneficiary does not deprive the homestead owner of his rights to the homestead as against other parties.

■ Homestead and exemption laws are favored in law and are to be liberally construed.[9] The decision of the trial court is reversed and the matter remanded for entry of an order returning the funds to the Sweets.

WEBSTER and BECKER, JJ., concur.

---

[7]*Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 679 P.2d 928 (1984).

[8]*Felton*, 101 Wn.2d at 420 (footnote omitted).

[9]*See Lien v. Hoffman*, 49 Wn.2d 642, 306 P.2d 240 (1957); *First Nat'l Bank v. Tiffany*, 40 Wn.2d 193, 242 P.2d 169 (1952).