[No. 44566-9-I.   Division One.   August 28, 2000.]

*In the Matter of the Trustee's Sale of the Real Property of*
LAWRENCE L. UPTON, ET AL.

HOUSEHOLD FINANCE INDUSTRIAL LOAN COMPANY, *Appellant*, v.
LAWRENCE L. UPTON, ET AL., *Respondents*.

*Brian D. Lynch* and *Michael A. Padilla* (of *Bishop, Lynch & White, P.S.*), for appellant.

*Gregory Cavagnaro*, for respondents.

APPELWICK, J. — The issue in this case is whether a property owner's homestead interest in the excess proceeds from a nonjudicial foreclosure sale pursuant to a first deed of trust, takes priority over the interest of a second deed of trust beneficiary in the proceeds. A deed of trust beneficiary's interest in real property is superior to an owner's homestead interest. Interests in real property continue in the proceeds from a trustee's nonjudicial foreclosure sale pursuant to a deed of trust, in the same order of priority that they attached to the property. Therefore, we hold that the second deed of trust beneficiary has a superior interest in the excess proceeds.

## FACTS

In 1990, Lawrence and Barbara Upton granted a deed of trust on real property they owned to Household Finance Industrial Loan Company (Household) as beneficiary. Three years later, the Uptons granted a deed of trust on the same real property to Eagle Mortgage, Inc. (Eagle) as beneficiary. Household entered into an agreement to subordinate its deed of trust to Eagle's deed of trust.

In 1998, the trustee on the Eagle deed of trust sold the Upton property at a nonjudicial foreclosure sale. The purchase price at the sale exceeded the amount of indebtedness to Eagle's successor in interest. The surplus sum of $36,716.60 was deposited into the King County Superior Court's registry, pursuant to Washington's Deed of Trust Act, RCW 61.24.080.

As the holder of a lien for an amount in excess of the amount deposited, and the next lienholder of record on the property, Household petitioned the court for disbursal of the registry funds to it. Over the Uptons' objections, a superior court commissioner ordered the entirety of the surplus funds disbursed to Household. The Uptons moved for revision of the commissioner's order, contending that they were entitled to the funds under Washington's homestead exemption, RCW 6.13.070.

A superior court judge reversed the commissioner's ruling. The court ordered $30,000 of the $36,716.60 surplus funds disbursed to the Uptons as their homestead exemption. Household now appeals.

## ANALYSIS

The Uptons argue that the trial court did not err in ordering $30,000 from the surplus proceeds disbursed to them under their homestead exemption. They argue that a property owner's homestead interest in the excess proceeds from a nonjudicial foreclosure sale takes priority over the interest of a second deed of trust beneficiary.

■ No issue of fact is presented in this appeal; it concerns solely an issue of law. We therefore review the trial court's decision de novo. *See City of Seattle v. Megrey*, 93 Wn. App. 391, 393, 968 P.2d 900 (1998). We also bear in mind that "[h]omestead and exemption laws are favored in law and are to be liberally construed." *Sweet v. O'Leary*, 88 Wn. App. 199, 204, 944 P.2d 414 (1997).

Generally, a property owner's homestead interest in property takes priority over the interests of other creditors. Under Washington's homestead act, "the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030." RCW 6.13.070(1). Usually, a creditor's lien on the property is for only an amount in excess of the homestead exemption: "A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption . . . ." RCW 6.13.090. At the time of the trustee's sale in this case, the homestead exemption was set at $30,000. RCW 6.13 -.030 (1995).

But this general rule has an exception—an owner's homestead interest in property is subordinate to the interest of a deed of trust beneficiary. RCW 6.13.080 provides:

> The homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained
>
> . . . .
>
> [o]n debts secured (a) by security agreements describing as collateral the property that is claimed as a homestead or (b) by mortgages or deeds of trust on the premises that have been executed and acknowledged by the husband and wife or by any unmarried claimant . . . .

The Uptons concede that their homestead interest was subordinate to the first deed of trust beneficiary's interest. But they contend that their interest in the excess proceeds is superior to the second deed of trust beneficiary's interest. The Uptons point out that once the first deed of trust beneficiary foreclosed on its loan and the trustee sold the property, Household lost its security interest in the property. Once its loan was no longer secured by the real estate,

the Uptons argue, Household became like any other creditor. As an ordinary creditor, the Uptons conclude, Household's interest in the excess sale proceeds was subordinate to the homestead interest.

■ The Uptons are correct that Household's interest in the real property was extinguished by the foreclosure sale. RCW 61.24.050 provides that "[a]fter a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale." A nonjudicial foreclosure extinguishes all junior liens on the property. *Glidden v. Municipal Auth.*, 111 Wn.2d 341, 347 n.3, 758 P.2d 487 (1988).

■ But even when the homestead act is liberally construed, it provides no basis to adopt the Uptons' position regarding the relative priority of the parties' interests in the proceeds. Again, the homestead act provides that the homestead exemption is not available against an execution in satisfaction of judgments obtained on debts secured by deeds of trust. RCW 6.13.080. This provision does not distinguish between first and second deeds of trust. The provision does not require that a deed of trust beneficiary must satisfy the debt through a foreclosure sale in order to take priority over a homestead interest.

Likewise, the deed of trust statute provides no basis to conclude that the second deed of trust beneficiary's interest in the excess proceeds is subordinate to the homestead interest. To the contrary, that statute provides that a creditor's interest in the excess proceeds from a nonjudicial foreclosure sale pursuant to a deed of trust continues at the same priority as the creditor's interest in the property: "[i]nterests in, or liens or claims of liens against the property eliminated by sale under this section shall attach to the surplus in the order of priority that it had attached to the property." RCW 61.24.080(3).

Household's interest in the real property was superior to the homestead interest. Under RCW 61.24.080(3), Household maintained its priority interest in the excess proceeds

from the nonjudicial foreclosure sale.[1] A contrary holding would discourage lenders from granting second deeds of trust and from entering subordination agreements. Both of these services are important to consumers. Moreover, our holding will not in effect extinguish the homestead right by operation of the deed of trust statute. Liens other than junior deeds of trust continue to be subordinate to the homestead interest.

The Uptons rely primarily on *Sweet v. O'Leary* in arguing that their homestead interest attached as a first position priority to the surplus proceeds. 88 Wn. App. 199, 944 P.2d 414 (1997). In *Sweet*, a deed of trust beneficiary foreclosed on its loan to the appellants and a nonjudicial foreclosure sale was held. *Id.* at 200. A judgment creditor asserted an interest in the surplus proceeds, arguing that the homestead interest was extinguished by the sale. *Id.* at 201. The court held that, under RCW 61.24.080(3), the homestead interest continued in the excess proceeds and that the judgment creditor's lien was subordinate to the homestead interest. 88 Wn. App. at 202. This was because "[i]mmediately prior to the trustee's sale, the O'Leary judgment lien attached only to the 'value of the homestead property in excess of the homestead exemption[.]' " *Id.* at 202 (quoting RCW 6.13.090) (emphasis omitted). The court explained that the granting of a deed of trust to one beneficiary did not deprive the homestead owner of his rights to the homestead as against other parties. *Id.* at 204.

*Sweet* is distinguishable from the present case. In *Sweet*, the competing claimant was not a deed of trust beneficiary. *Id.* at 202. Thus, the creditor's lien was "not based on a liability exempted from any application of the homestead right." *Id.* at 202. In contrast, an execution in satisfaction of a judgment obtained on a debt secured by a deed of trust is

---

[1] The situation is analogous to a perfected security interest in personal property under Article 9 of the U.C.C. Under U.C.C. § 9-306(2) (2000), a security interest continues in collateral notwithstanding sale and continues in any identifiable proceeds of the sale. Under § 9-306(3), if the security interest in the collateral was perfected, it generally continues as a perfected interest in the proceeds.

specifically excepted from the homestead exemption under RCW 6.13.080(2). *Sweet* does not apply.

Household requests attorney fees on appeal pursuant to RAP 18.1(a) and RCW 4.84.330. An agreement exists between Household and the Uptons regarding attorney fees. As the prevailing party on appeal, Household is entitled to fees.

We reverse and remand for determination of an appropriate attorney fee award.

AGID, C.J., and ELLINGTON, J., concur.