MEMORANDUM *
Deutsche Bank National Company (“Deutsche Bank”) appeals the district court’s affirmance of the bankruptcy court’s grant of summary judgment to Rose Townsend Trust (“Townsend”) in an adversary proceeding related to debtor Daryl Jane Johnston’s Chapter 13 bankruptcy. The bankruptcy court determined that, with respect to the priority of claims on Johnston’s residence, which she claimed as homestead property, two Washington state court judgments and two bankruptcy court judgments held by Townsend had priority over a deed of trust held by Deutsche Bank. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the grant of summary judgment and re *461 mand to the bankruptcy court for further proceedings.
“We review de novo the district court’s judgment in the appeal from the bankruptcy court, and apply the same de novo standard of review the district court used to review the bankruptcy court’s summary judgment.” Suncrest Healthcare Ctr. LLC v. Omega Healthcare Investors, Inc. (In re Raintree Healthcare Corp.), 431 F.3d 685, 687 (9th Cir.2005).
First, although, the judgments held by Townsend were entered before Deutsche Bank refinanced Johnston’s mortgage, Deutsche Bank’s recorded deed of trust has priority over one state court judgment ($500.00) and both bankruptcy court judgments ($132,044.73 and $80,000.00), because Townsend never recorded these judgments. Although Washington law provides that, in general, district and state court judgments entered in the county in which a debtor’s real property is located become liens on that property upon the entry or filing of a judgment, Wash. Rev.Code § 4.56.200(1), it has adopted a specific provision that governs the attachment of a personal judgment as a lien upon homestead property, Wash. Rev.Code § 6.13.090. Section 6.13.090 states that a judgment “shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located.” Id. (emphasis added). When homestead property is at issue, section 6.13.090 governs the attachment of judgments, rather than section 4.56.200. See In re Deal, 85 Wash. App. 580, 933 P.2d 1084, 1086-87 (1997); see also Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm’n, 123 Wash.2d 621, 869 P.2d 1034, 1039 (1994) (en banc) (“A specific statute will supersede a general one when both apply.”).
Although the bankruptcy court denied Johnston a homestead exemption for equitable reasons, neither Townsend nor the bankruptcy court disputed Johnston’s claim that the residence was homestead property. Section 6.13.090’s recording requirement therefore applies. Because Townsend never recorded the $500 state court judgment or the bankruptcy court judgments, those judgments never attached as liens on Johnston’s homestead property, and Deutsche Bank’s recorded deed of trust, which did attach, has priority.
Deutsche Bank’s deed of trust also has priority over the remaining, recorded state court judgment ($76,147.31) as a result of the assignment of the two bankruptcy court judgments from Johnston’s Chapter 7 proceeding by the trustee to Townsend. Those assignments state that the “attorney for Chapter 7 Trustee in consideration of the Assignee waiving its Creditor’s Claim filed in the above entitled estate, does hereby assign, transfer and convey over unto the Rose Townsend Trust the judgment entered in the above-entitled cause .... ” (emphasis added). This language makes clear that Townsend completely waived its right to collect this state court judgment — the subject of its proof of claim — against Johnston’s estate in exchange for the bankruptcy judgments. The bankruptcy court’s more limited reading of the assignments — that Townsend waived its proof of claim only in the Chapter 7 bankruptcy proceedings, but not in other actions — would result in an unfair windfall to Townsend. The only plausible reading of the assignments demonstrates that Townsend can no longer collect on this state court judgment. Therefore, that judgment cannot take priority over Deutsche Bank’s deed of trust.
As we conclude that Deutsche Bank’s deed of trust has priority over all four *462 judgments held by Townsend, we need not address Deutsche Bank’s arguments regarding the nature of the bankruptcy court judgments, judicial estoppel, or equitable subrogation.
REVERSED and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.