IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NIKOLAY BELIKOV, a married individual; TECHNO-TM ZAO, a Russian closed joint stock company; and R-AMTECH INTERNATIONAL, INC., a Washington corporation, | ) ) ) ) ) | No. 73495-4-I (consolidated w/74230-2-I) DIVISION ONE |
| Respondents, | ) ) ) | |
| v. | ) ) | |
| MARYANN HUHS and ROY E. HUHS, JR., and the marital community thereof, | ) ) ) | |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| TECHNO-TM, LLC, a Nevada limited liability company; SUNCADIA PROPERTIES, LLC, a Nevada limited liability company, | ) ) ) ) ) | FILED: August 29, 2016 |
| Defendants. | ) ) | |

BECKER, J. — Judgment debtors whose property has been placed in receivership are attempting to pursue arguments that this court rejected when dismissing their earlier appeal over a year ago. We decline to revisit those arguments and instead dismiss them as moot. We affirm the order granting the receiver's motion to transfer a residence as part of a settlement with the creditors.

The debtors are appellants Maryann Huhs and Roy "Al" Huhs. The

creditors are respondents Nikolay Belikov and his company R-Amtech International Inc. (hereafter "Belikov"). Respondents obtained a judgment totaling more than 4 million dollars against the Huhses on August 12, 2014. The judgments related to acts of fraud and breaches of fiduciary duty. On August 26, 2014, the Huhses filed a notice appealing the money judgment. Belikov v. Huhs, cause no. 72334-1-I. They did not post a bond for supersedeas.

The Huhses began to dissipate their assets and made it clear they had no intention of satisfying the money judgment. The trial court put their property, including a Mercer Island house, into a receivership to prevent further depletion. The receivership order was issued on January 23, 2015. It defined the property in broad terms and granted the receiver broad authority.

Belikov proposed a settlement. The terms of settlement required, among other things, that the Huhses' pending appeal be dismissed and the Mercer Island house be transferred to Belikov. The receiver moved for permission to accept the settlement on behalf of the receivership estate. The Huhses opposed the motion. Concluding that the terms of the settlement were fair and equitable, the trial court authorized the proposed settlement, including the term that required dismissal of the Huhses' pending appeal. The order authorizing the settlement was issued on June 1, 2015.

On June 2, 2015, the Huhses filed another appeal, cause no. 73495-4-I, to challenge the order authorizing settlement. The next day, they filed an emergency motion seeking to stay the order authorizing settlement and to enjoin dismissal of their pending appeal of the money judgment in cause no. 72334-1-I.

They did not offer any security. A commissioner of this court denied the motion on June 12, 2015.

On June 16, 2015, the receiver and Belikov moved to dismiss the Huhses' pending appeal in cause no. 72334-1-I as a step in carrying out the trial court's order authorizing the settlement.

On June 17, 2015, the Huhses filed a second emergency motion seeking a stay to permit them to move to modify the commissioner's ruling denying a stay of the order authorizing settlement. The emergency motion was filed in cause no. 73495-4-I. This time, the Huhses offered to post security by having the deed to the Mercer Island house deposited in the court registry. On the same date, our commissioner granted this motion on condition that the deed be deposited in the trial court registry and that the Huhses expeditiously file the motion to modify and at the same file an answer to the motion to dismiss.

These conditions were met. The receiver deposited the deed into the trial court registry. On June 19, 2015, the Huhses moved to modify the ruling denying a stay. In the same filing, they responded to the motion to dismiss their appeal from the money judgment, cause no. 72334-1-I. This filing is docketed in cause no. 73495-4-I.

In resisting the motion to dismiss, the Huhses argued that their right to appeal was not a form of property the receiver was empowered to compromise. They also argued that by authorizing dismissal of their appeal, the trial court in effect had reviewed the propriety of its own judgment, thereby usurping this court's appellate authority. They argued that the settlement should be reversed

3

as a matter of public policy and that the receiver breached fiduciary duties he owed to them.

On July 7, 2015, after reviewing those arguments and Belikov's response, this court issued an order denying the motion to modify and lifting the temporary stay of the order authorizing settlement. On the same date, this court issued an order dismissing the Huhses' appeal in cause no. 72334-1-I. On September 30, 2015, the Supreme Court denied the Huhses' petition for review of the order dismissing that appeal. The mandate issued on October 30, 2015, terminating review of the money judgment.

On July 21, 2015, the receiver filed a motion to release the Mercer Island deed from the trial court registry for recording of the transfer to Belikov. On July 27, 2015, the Huhses recorded a declaration of homestead which designated the Mercer Island house as homestead property. The next day, they opposed the motion to release the deed, citing their assertion of rights under Washington's homestead laws. This was the first occasion that the Huhses mentioned a claim of homestead.

On July 30, 2015, the trial court granted the receiver's motion to release the deed to Belikov. The Huhses filed a separate appeal from that order, cause no. 74230-2-I. That appeal has been consolidated with the appeal from the order authorizing settlement, cause no. 73495-4-I. We heard oral argument on July 26, 2016, and now address both appeals.

The Huhses contend the trial court committed reversible error by authorizing the receiver to accept Belikov's settlement offer, particularly the term

4

of settlement that required dismissal of their appeal from the money judgment, cause no. 72334-1-I. The Huhses ask to have that appeal reinstated.

The claims made by the Huhses pertaining to the dismissal of their appeal from the money judgment are moot. A claim is moot when the court can no longer provide effective relief. Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). The relief requested by the Huhses, reinstatement of their appeal in cause no. 72334-1-I, is no longer possible. That appeal was dismissed by this court's order of July 7, 2015. The mandate has issued. Under RAP 12.7(a), the issuance of the mandate deprived this court of the power to change, modify, or undo the order dismissing the appeal.

> **(a) Court of Appeals.** The Court of Appeals loses the power to change or modify its decision (1) upon issuance of a mandate in accordance with rule 12.5, except when the mandate is recalled as provided in rule 12.9, (2) upon acceptance by the Supreme Court of review of the decision of the Court of Appeals, or (3) upon issuance of a certificate of finality as provided in rule 12.5(e) and rule 16.15(e).
>
> . . . .
> **(d) Special Rule for Law of the Case.** The appellate court retains the power to change a decision as provided in rule 2.5(c)(2).

RAP 12.7(a), (d).

The Huhses claim that the appeal may be reinstated under RAP 12.7(d). That subsection provides an exception for law of the case review through RAP 2.5(c)(2), which provides as follows:

> **(c) Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand:
>
> . . . .
> (2) *Prior Appellate Court Decision.* The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would

best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

We will assume for the sake of argument that if this court committed error in dismissing the appeal in cause no. 72334-1-I, we have the authority to correct the error by reversing the order authorizing settlement.

Where there has been a determination of applicable law in a prior appeal, the law of the case doctrine ordinarily precludes redeciding the same legal issues in a subsequent appeal. The law of the case doctrine is discretionary, not mandatory. Folsom v. County of Spokane, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988). Reconsideration of identical legal issues in a subsequent appeal of the same case will be granted where the holding of the prior appeal is clearly erroneous and the application of the doctrine would result in a manifest injustice. Folsom, 111 Wn.2d at 264.

In their briefing opposing the motion to dismiss their appeal from the money judgment, the Huhses made the same arguments that they are making in the present appeal of the order authorizing settlement. This court necessarily rejected those arguments when a panel of three judges granted the motion to dismiss on July 7, 2015. There is no reason for this court to revisit those arguments. The dismissal of the appeal was neither clearly erroneous nor manifestly unjust. Because this court has already considered and rejected the arguments the Huhses are presently making in cause no. 73495-4-I against the order authorizing settlement, that appeal is moot and will be dismissed.

In the consolidated appeal involving the claim of homestead, cause no. 74230-2-I, the Huhses assign error to the order granting the receiver's Motion to

6

Release and Record Deeds of Trust, issued on July 30, 2015. The Huhses contend that the trial court erred by granting this motion without requiring Belikov to pay them $125,000 for their homestead exemption. They argue that the conveyance of the Mercer Island house to Belikov is a form of execution for the debts of the owner from which a homestead is exempt under RCW 6.13.070.

This argument was not raised in the trial court until after the Huhses had already agreed to have the house serve as security for a temporary stay of the order authorizing settlement—a settlement that included transfer of the Mercer Island house to Belikov as one of its terms. The Huhses have not explained why the value of the house as security or the value to Belikov of the settlement should now be diminished by $125,000. In their reply brief, the Huhses contend that homestead protection is "automatic," citing Sweet v. O'Leary, 88 Wn. App. 199, 201, 944 P.2d 414 (1997). Sweet is factually far removed from the present case. The Huhses did not raise a claim of homestead when the transfer of the house to Belikov was included as a term of the settlement authorized by the trial court. As discussed above, the order authorizing the settlement is valid. The trial court had no obligation to require Belikov to remit $125,000 to the Huhses when signing a ministerial order to carry out the term of the settlement that required transfer of the house.

Both parties seek to supplement the record on appeal. Evidence may be taken under RAP 9.11 in extraordinary cases if additional proof "'is needed to fairly resolve the issues on review.'" E. Fork Hillis Rural Ass'n v. Clark County, 92 Wn. App. 838, 845, 965 P.2d 650 (1998), quoting RAP 9.11(a). Additional

facts are not necessary to resolve this appeal. The RAP 9.11 motions are denied.

The appeal in cause no. 73495-4 is dismissed as moot. In cause no. 74230-2-I, the order granting the receiver's Motion to Release and Record Deeds of Trust is affirmed.

_Becker, J._

WE CONCUR:

_Trickey, A.C.J._

_Dwyer, J._

8